James **EASTMAN**, Plaintiff-Appellant,

v.

Elliot L. **RICHARDSON**, Secretary of Health, Education and Welfare, Defendant-Appellee.

No. 72–1412.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 4, 1972.

Decided March 20, 1973.

N. C. Syracopoulos, Akron, Ohio, for plaintiff-appellant; Cherpas, Manos & Syracopoulos, Akron, Ohio, on brief.

Thomas G. Wilson, Atty., Dept. of Justice, Washington, D. C., for defendant-appellee; Harlington Wood, Jr., Asst. Atty. Gen., Frederick M. Coleman, U. S. Atty., Kathryn H. Baldwin, Atty., Dept. of Justice, Washington, D. C., on brief.

Before PECK, Circuit Judge, and CECIL and O'SULLIVAN, Senior Circuit Judges.

### PER CURIAM.

This is an appeal from a summary judgment entered in the appellant's action brought pursuant to Section 205(g) of the Social Security Act to review a decision of the Secretary of Health, Education and Welfare, in which the Secretary declined to reopen a claim for old age benefits. The facts concerning the appellant's claim are fully reported in Eastman v. Celebrezze, 240 F.Supp. 142 (N.

D.Ohio 1965), and Eastman v. Gardner, 373 F.2d 481 (6th Cir. 1967). Since the merits of the appellant's claim are not directly relevant to this proceeding, it is sufficient to observe that this Court found in the prior litigation that substantial evidence supported the Secretary's finding that the case presented a collusive family arrangement whereby "a paper facade of 'wages'" was paid to the appellant which, in reality, was an indirect return to him of portions of rentals from his own property to permit him to obtain Social Security benefits.

In February of 1971, the appellant's petition to reopen the case to present new material was denied on the grounds that the request was untimely since it was made more than four years from the date of the initial determination and because nothing could be found which would otherwise permit a reopening of the case. The appellant then sought a review of this determination in the District Court pursuant to 42 U.S.C. § 405(g). In his complaint, he alleged that the hearing examiner placed evidence in the record bearing on an issue which the parties agreed not to present in the prior litigation. The District Court held that regardless of what may or may not have been understood by the parties during the prior litigation up to and including the District Court level, the appellant certainly was aware that this issue was in this case when it was previously considered by this Court in 1967; accordingly, the Secretary's motion for summary judgment was granted.

At the outset, we note that the threshold issue of whether or not the Secretary's determination not to reopen a claimant's application for benefits is subject to judicial review has recently been determined by this Court in Maddox v. Richardson, 464 F.2d 617 (6th Cir. 1972). In that case, which was decided subsequent to the briefing of this case, this Court held that the Secretary's decision not to reopen a claim is subject to judicial review. Accord: Cappadora

v. Celebrezze, 356 F.2d 1 (2d Cir. 1966); Davis v. Richardson, 460 F.2d 772 (3d Cir. 1972); contra: Filice v. Celebrezze, 319 F.2d 443 (9th Cir. 1963). Accordingly, the only issue for our determination is whether the refusal to reopen was an abuse of the Secretary's discretion.

■■ The appellant asserts that his case should be reopened for the presentation of new evidence. The regulations of the Secretary provide that a party may have his case reopened before the Secretary within one year from the date of the notice of the initial determination for the presentation of new evidence or within four years from that date if the claimant can show good cause for such a reopening. 20 C.F.R. 404.957(a) and (b). Since the claimant's motion for reopening for good cause was filed almost ten years from the notice of the initial determination on March 16, 1961, the request was properly denied under this section. The appellant's contention that the four year period ran from February 13, 1967, the date of this Court's affirmance of the Secretary's initial determination, is without merit, Pasquale v. Finch, 418 F.2d 627 (1st Cir. 1969). There is nothing in the facts of this case or in 20 C.F.R. § 404.957(b) which would justify a departure from the rule that the period of the statute of limitations begins to run from the date of the notice of the initial determination.

■ In the alternative, the appellant contends that he may reopen the case under 20 C.F.R. § 404.957(c) which provides that an initial determination may be reopened at any time when that determination was procured by fraud. The alleged acts of fraud by the Secretary include the general contention that the appellant was fraudulently prevented by the Secretary from presenting evidence on the issue of whether or not the money he received during the years in question constituted wages. This contention is based on the fact that the hearing examiner on April 5, 1963, set

out three issues which were to constitute the case to be heard, the third of which was "whether and in what amounts such remuneration constituted 'wages' for employment." The appellant now contends that the Examiner eliminated this issue from the case in his opening statement, and that he did not present evidence on this issue because he thought that the issue had been "dropped" or "removed." He contends that the examiner inserted evidence into the record pertaining to this issue which he was not allowed to rebut. We cannot agree with this contention. The issue of whether the remuneration received by the appellant constituted wages could never have been removed from the proceeding because that issue was necessarily contained in the other two issues agreed to by the appellant. Those two issues were whether the appellant rendered services as an employee for his stepsons and whether the appellant received remuneration from his stepsons. The record shows that the third issue as expressed by the hearing examiner was not "removed," but was recognized by all parties at the time as merely expressing the application of the statutory definitions to the two factual determinations to be made at the hearing.

In addition, even if the appellant and his counsel were under a misimpression in this regard at the time of the hearing, the record indicates that the appellant was fully aware that this issue was still in the case when the matter was before this Court on the previous appeal, where these contentions were not raised. In fact, the appellant conceded in the District Court that the issue of fact upon which he seeks to reopen his claim was encompassed within this Court's previous ruling.

Since the appellant had an opportunity to raise the issue of fraud before this Court and did not do so, and failed to raise it for almost four years from the date of this Court's decision and almost ten years from the date of the initial de-

termination, we cannot say that the Secretary's decision not to reopen the case for further determinations was an abuse of discretion.

The decision of the District Court is affirmed.