Leona S. HUNT, Plaintiff-Appellant,

v.

Caspar WEINBERGER, Secretary of Health, Education and Welfare, Defendant-Appellee.

No. 75–1277.

United States Court of Appeals, Sixth Circuit.

Argued Sept. 30, 1975.

Decided Dec. 23, 1975.

---

2. The federal parole board has ample discretion to give weight to this time of state penal service.

Denty Cheatham, Cheatham & Palermo, Nashville, Tenn., for plaintiff-appellant.

Charles H. Anderson, U. S. Atty., Nashville, Tenn., Rex E. Lee, Washington, D. C., William Kanter, Judith H. Norris, Thomas G. Wilson, App. Section, Civ. Div., Dept. of Justice, Washington, D. C., for defendant-appellee.

Before PHILLIPS, Chief Judge, and PECK and MILLER, Circuit Judges.

PECK, Circuit Judge.

This is an appeal from an order of the district court dismissing Leona Hunt's request for review of the Secretary's denial of disability benefits. The district court concluded that there was no abuse of discretion by the Secretary in denying

appellant a hearing on her application and in refusing to reopen her application.

Appellant filed four separate applications for disability insurance benefits. The first two applications were denied initially and upon reconsideration and appellant was advised in each denial notice that she could request review of the determination by a hearing examiner within six months. She made no request for review of either denial. The reconsideration denial notice for the second application, issued February 9, 1968, stated that appellant last met the special earnings requirement for disability purposes on September 30, 1967. On December 29, 1969, appellant filed a third application which was also denied initially and upon reconsideration. Appellant's request for a hearing was denied by the hearing examiner on the ground that the issue of disability had been resolved against her and had become final after denial of appellant's second application. The hearing examiner's dismissal was affirmed by the Appeals Council.

On March 12, 1971, appellant filed a civil action seeking review of the Secretary's decision regarding her third application. The district court held it had no jurisdiction pursuant to 42 U.S.C. § 405(g) to review the Secretary's decision.

On August 15, 1972, appellant filed a fourth application for disability benefits, which application was denied initially and upon reconsideration. After consideration of allegedly "new and material" evidence, the administrative law judge, on November 2, 1973, dismissed appellant's request for a hearing finding insufficient evidence to reopen and revise the earlier determinations. The Appeals Council affirmed this dismissal. Appellant then filed this civil action.

## I. JURISDICTION

The threshold question which must be dealt with in this case is whether the district court had jurisdiction to review the Secretary's decision not to reopen a prior application. The Social Security Act does not, by its terms, provide for judicial review of the Secretary's decision. 42 U.S.C. § 405(g) provides for judicial review only of final decisions made after a hearing. *Sanders v. Weinberger,* 522 F.2d 1167 (7th Cir. 1975); *Ortego v. Weinberger,* 516 F.2d 1005 (5th Cir. 1975); *Davis v. Richardson,* 460 F.2d 772 (3rd Cir. 1972); *Cappadora v. Celebrezze,* 356 F.2d 1 (2d Cir. 1966). And in a recent case, the Supreme Court held that the specific statutory language of 42 U.S.C. § 405(h) precludes jurisdiction through 28 U.S.C. § 1331. *Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975). Thus jurisdiction must be premised in this case, if at all, upon the Administrative Procedure Act (APA), 5 U.S.C. § 701 *et seq.*

The circuits are divided on the question of whether Section 10 of the APA constitutes an independent grant of jurisdiction. *Compare Ruiz-Olan v. Secretary of H.E.W.,* 511 F.2d 1056 (1st Cir. 1975); *Davis v. Richardson, supra; Sanders v. Weinberger, supra; Ortego v. Weinberger, supra; with Bramblett v. Desobry,* 490 F.2d 405 (6th Cir. 1975), *cert. denied,* 419 U.S. 872, 95 S.Ct. 133, 42 L.Ed.2d 11 (1974); *Twin Cities Chippewa Tribal Council v. Minnesota Chippewa Tribe,* 370 F.2d 529 (8th Cir. 1967). Even within some circuits the decisions conflict. In the second circuit, *Cappadora v. Celebrezze, supra,* assumes there is jurisdiction based on the APA, while *Ove Gustavsson Contracting Co. v. Floete,* 278 F.2d 912 (2d Cir. 1960), *cert. denied,* 364 U.S. 894, 81 S.Ct. 225, 5 L.Ed.2d 188 (1960) holds that Section 10 of the APA does not independently confer federal jurisdiction, and *Mills v. Richardson,* 464 F.2d 995, 1001 n.9 (2d Cir. 1972) states that the question has not yet been decided.

Likewise in this circuit, our conclusions have not been entirely consistent. In 1974 this court decided *Bramblett v. Desobry, supra,* which in a non-Social Security context held that the "Administrative Procedure Act does not confer jurisdiction upon the courts." However,

in *Maddox v. Richardson,* 464 F.2d 617 (6th Cir. 1972), on facts very similar to the instant case, we assumed jurisdiction based upon the APA to review a decision of the Secretary not to reopen a prior denial. *Maddox* was subsequently cited and followed in *Woods v. Richardson,* 465 F.2d 739 (6th Cir. 1972) and *Eastman v. Richardson,* 475 F.2d 472 (6th Cir. 1973).

The Supreme Court has not expressly dealt with this problem, although arguably it has assumed jurisdiction based upon the APA alone without discussion of the jurisdictional dilemma. See *Rusk v. Cort,* 369 U.S. 367, 82 S.Ct. 787, 7 L.Ed.2d 809 (1962); *Flast v. Cohen,* 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968); *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971). However, we regard these cases as, at best, inconclusive.

We choose to follow those circuits and the precedent within our own circuit which hold that the APA does contain an independent grant of subject matter jurisdiction for purposes of reviewing the Secretary's refusal to reopen a prior application. We decline to follow *Bramblett,* since its rationale seems inapplicable in the context of the instant case.

Having adopted the view that the APA is an independent jurisdictional base, we must deal with the issue of whether the APA exempts this particular administrative decision from judicial review. Section 10 of the APA provides: "(a) This chapter applies, . . . except to the extent that—(1) statutes preclude judicial review, or (2) agency action is committed to agency discretion by law." The question arises whether Section 405(h) of the Social Security Act fits within this limitation on judicial review, by providing in part that "the findings and decisions of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided." Of those circuits which have used the APA as a jurisdictional basis on which to review the Secretary's refusals to reopen, only one, the Ninth Circuit, has held that Section 405(h) acts to commit the Secretary's decision irretrievably to his discretion. *Stuckey v. Weinberger,* 488 F.2d 904 (9th Cir. 1973). Six other circuits including this court in *Maddox v. Richardson, supra,* have found no obstacle in the Section 10 exceptions, the general view being that expressed in *Cappadora* that the finality provision of Section 405(h) only applies to findings of fact and decisions of the Secretary made after a hearing on the merits. Allowing judicial review under these circumstances seems consistent with the Supreme Court's holding that there is virtually a presumption of judicial review of administrative action, unless the statutory scheme clearly manifests a contrary purpose. *Abbott Laboratories v. Gardner,* 387 U.S. 136, 140–41, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967). As the court in *Cappadora* stated:

> "we do not believe that Congress would have wished to close the doors of the court to a plaintiff whose claim for social security benefits was denied because of an unreasonable or inappropriate agency rule on reopening or because of a truly arbitrary administrative decision . . . . Absent any evidence to the contrary, Congress may rather be presumed to have intended that the courts should fulfill their traditional role of defining and maintaining the proper bounds of administrative discretion and safeguarding the rights of the individual." *Cappadora v. Celebrezze, supra,* 356 F.2d at 6.

We thus find that the APA constitutes an independent grant of jurisdiction to review the Secretary's refusals to reopen prior applications for Social Security benefits and that Section 405(h) does not preclude review or evidence Congressional intent to irretrievably commit the Secretary's decision to his discretion.

**548**

## II. MERITS

This court has recognized that the doctrine of *res judicata* may validly be applied by the Secretary, pursuant to 20 C.F.R. 404.937, when a prior denial of an application raising the same issues has become final because of the failure of the applicant to make a timely request for a hearing. *Maddox v. Richardson, supra* at 619; *Gaston v. Richardson,* 451 F.2d 461, 465 (6th Cir. 1971). The Secretary's regulations provide for a relaxation of the *res judicata* doctrine under certain circumstances. A claimant may have his case reopened within one year from the date of the notice of the initial determination for the presentation of new evidence or within four years from that date if the claimant can show "good cause" for such reopening. 20 C.F.R. 404.957(a) and (b). After four years a prior decision of the Secretary may be reopened "only for the purpose of correcting . . . error on the face of the evidence on which such . . . decision was based." 20 C.F.R. 404.-957(c)(8). Under the APA, the Secretary's decision whether to reopen a prior determination may be reviewed only for an abuse of discretion. *Ruiz-Olan v. Secretary of H.E.W., supra* at 1058.

The district court characterized appellant's fourth application for benefits as an application to reopen her second application, since reopening of the third application would be meaningless. We agree with this characterization. The second application's denial resolved that as of that date appellant was not disabled within the terms of the Act. Accordingly, the fourth application being brought more than four years after the initial determination, the Secretary's regulations allow reopening only to correct error on the face of the evidence. Appellant's allegations of new and material evidence were not sufficient cause to compel a reopening after the four year period had lapsed. *Eastman v. Richardson, supra* at 474; *Green v. Weinberger,* 500 F.2d 203 (5th Cir. 1974). The four year limitation in 404.957 "represents a permissible resolution of the conflict between the need to give some finality to prior factual determinations and the desire to accord claimants all procedural rights consistent with reasonably efficient agency operation." *Green v. Weinberger, supra* at 206. Likewise we are not persuaded by appellant's argument that her lack of counsel and state of health should preclude application of the doctrine of *res judicata.* Lack of counsel at the time of the earlier application does not affect the validity of the resulting decision unless the claimant can show clear prejudice or specific harm as opposed to general allegations of unfairness such as appellant here presents. *See, e. g., Davis v. Richardson, supra; Easley v. Finch,* 431 F.2d 1351 (4th Cir. 1970).

We conclude that there was no abuse of discretion or arbitrary and capricious action by the Secretary in denying appellant a hearing on her fourth application for benefits and in refusing to reopen her prior application.

The decision of the district court is affirmed.