ST. ELIZABETH HOSPITAL, Plaintiff,

v.

Joseph A. CALIFANO, Jr., et al., Defendants.

Civ. A. No. 76–81.

United States District Court,
E. D. Kentucky,
Covington Division.

Nov. 16, 1977.

John C. LaVelle, Covington, Ky., for plaintiff.

Patrick M. Malloy, U. S. Atty., John A. West, Asst. U. S. Atty., for United States.

John T. Miller, Louisville, Ky., for Blue Cross Assn., Inc. and Blue Cross Plan of Kentucky, Inc.

MEMORANDUM OPINION

SILER, District Judge.

This matter is before the Court on suggestion of the respondents that this Court lacks subject matter jurisdiction to review this action. For reasons more fully set out below, the Court finds that it does not have jurisdiction to hear this case and the action will be dismissed.

Petitioner, St. Elizabeth Hospital, a provider of Medicare services under the Medicare Act, brings this action challenging the decision of respondent, Secretary of Health, Education and Welfare, to disallow certain interest expenses incurred by petitioner from 1970 to 1972 as necessary and proper expenses.

The petition alleges jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. §§ 701–706 (The Administrative Procedure Act). The respondents argue that neither statute grants jurisdiction enabling petitioner to bring this action. The Medicare Act, 42 U.S.C. § 1395 *et seq.*, did not provide for review of reasonable cost decisions at the time this action arose. (42 U.S.C. § 1395*oo* (f) allows review of reasonable cost determination only for accounting periods ending on or after June 30, 1973.)

The defendants argue that 42 U.S.C. § 405(h) (hereinafter § 405(h)), made applicable to Medicare disputes by 42 U.S.C. § 1395ii, bars the petitioner from bringing this action. Section 405(h) provides as follows:

The findings and decisions of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 41 of Title 28 to recover on any claim arising under this subchapter.

In *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975), the Su-

preme Court held that § 405(h) prohibits a federal court from assuming jurisdiction under 28 U.S.C. § 1331 in a suit alleging the unconstitutionality of the Secretary's decision in a Social Security case. Likewise, the Court has rejected the Administrative Procedure Act (hereinafter APA) as an independent grant of jurisdiction in Social Security cases. *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). Therefore, § 405(h) "prevent[s] review of decisions of the Secretary save as provided in the Act, which provision is made in § 405(g)." *Weinberger v. Salfi, supra*, 422 U.S. at 757, 95 S.Ct. at 2463.

Petitioner argues that both *Salfi* and *Sanders* were Social Security cases where the petitioners had an opportunity for review under 42 U.S.C. § 405(g). 42 U.S.C. § 1395ii, which incorporates into the Medicare Act the judicial review preclusion of § 405(h), does not likewise incorporate § 405(g). Therefore, petitioner argues, unless it is allowed federal court review of the Secretary's adverse decision, it is denied any review of the decision.

Petitioner cites *Adams Nursing Home v. Mathews*, 548 F.2d 1077, 1079 (1st Cir. 1977), which restricted the holding in *Salfi* to cases in which judicial review could be obtained by other means. Examination of *Adams Nursing Home*, however, reveals that jurisdiction in that case was based on the APA. The Court held that § 405(h) dealt only with jurisdictional grants contained in Title 28 and that it did not restrict jurisdiction based on the APA. Therefore, the subsequent Supreme Court decision in *Sanders*, holding that the APA is not an independent grant of jurisdiction, implicitly overruled the *Adams Nursing Home* decision.

Another case cited by petitioner, *Americana Nursing Centers, Inc. v. Weinberger*, 387 F.Supp. 1116 (S.D.Ill.1975), held that § 405(h) doesn't preclude judicial review in Medicare cases. The District Court did not specify whether it was granting jurisdiction under 28 U.S.C. § 1331 or by virtue of § 10 of the APA. In either event, this case was decided prior to *Salfi* and *Sanders* and, therefore, has no bearing on the present case.

In *Hunt v. Weinberger*, 527 F.2d 544 (6th Cir. 1975), a Social Security case, the Court held that the APA constituted an independent grant of subject matter jurisdiction to review the Secretary's decision not to reopen a prior application. This case, while never expressly overruled, cannot be considered controlling authority in light of *Sanders*.

In *Whitecliff, Inc. v. United States*, 536 F.2d 347 (1976), *cert. denied*, 430 U.S. 969, 97 S.Ct. 1652, 52 L.Ed.2d 361 (1977), the Court of Claims declined to extend the exclusion of § 405(h) to Medicare cases. It felt that to import into the Medicare program the *Salfi* preclusion of judicial review "would be of doubtful constitutional validity and would undermine the normal presumption in favor of judicial review." *Id.* at 350. The Court went on to hold at 351:

We cannot assume that the Supreme Court would extend the *Salfi* interpretation of Section 405(h) to Medicare cases, where the consequences would be so dramatically different, and therefore we adhere to the pre-*Salfi* view of judicial review of Medicare provider disputes: Where the Medicare statute provides for review, providers and courts must follow the specified procedures and limitations; in other cases, a provider may obtain judicial review, under the general jurisdiction provisions which are applicable, at least so far as to ensure compliance with statutory and constitutional provisions.

While the above language is persuasive, this Court feels that it is not controlling in light of the Supreme Court's action in *Hazelwood Chronic & Conv. Hosp. v. Califano*, 430 U.S. 952, 97 S.Ct. 1595, 51 L.Ed.2d 801 (1977). The Ninth Circuit had applied *Salfi* to Medicare cases in holding that the District Court lacked federal question jurisdiction under 28 U.S.C. § 1331 in a suit by a Medicare provider claiming that the regulations of the Secretary relating to recapture of accelerated depreciation were unconstitutional. *Hazelwood Chronic & Conv. Hosp. v. Weinberger*, 543 F.2d 703, 705 (1976). The Court went on to hold that the judicial review provisions of the APA conferred subject matter jurisdiction for Dis-

trict Court review of the reasonable cost determinations by the Secretary under the Medicare Act. 543 F.2d at 706.

The Supreme Court vacated the judgment and remanded the case for further consideration in light of *Sanders.* Inasmuch as *Sanders* applies only to jurisdiction under the APA, it appears that the Supreme Court affirmed the *Hazelwood* holding that the District Court had no jurisdiction under § 1331. There is, therefore, no question but that the Supreme Court intended *Sanders* to apply to Medicare cases. Furthermore, the Court's silence as to the Ninth Circuit's application of *Salfi* to Medicare cases leads this Court to concur in that decision.

This result is consistent with the language contained in Title 42. Section 405(h) manifests an intent that decisions of the Secretary be final and that review of them shall be allowed only as specifically provided by statute. Section 1395ii provides that § 405(h) applies to the Medicare Act with the same force as it does to the Social Security Act. The limited review set out in the Medicare Act (42 U.S.C. § 1395ff), therefore, is the only judicial remedy available to providers whose claims arose prior to 1973.

An order in accordance with this opinion will be entered this date.