**Gertie WILSON, Plaintiff-Appellant,**

v.

**Joseph A. CALIFANO, Secretary, H.E.W., Defendant-Appellee.**

No. 76–2399.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 14, 1978.

Decided July 7, 1978.

Charles J. Luken, Smith & Kircher, Cincinnati, Ohio, for plaintiff-appellant.

William W. Milligan, U. S. Atty., Anthony W. Nyktas, Cincinnati, Ohio, Gwenda D. Jones, Dept. of H.E.W., Baltimore, Md., for defendant-appellee.

Before PECK, LIVELY and KEITH, Circuit Judges.

KEITH, Circuit Judge.

Plaintiff-appellant Gertie Wilson appeals from an order of the district court affirming the Secretary's denial of her claim for a period of disability and disability insurance benefits under sections 216(i) and 223 of the Social Security Act, as amended, 42 U.S.C. §§ 416(i), 423. The issues raised on appeal are whether the district court erred in applying the doctrine of *res judicata* to deny judicial review of evidence submitted by plaintiff in support of her second application for benefits, and whether the Secretary's decision denying her second application for benefits is supported by substantial evidence in the record as a whole. We vacate and remand for further proceedings.

Wilson, a fifty-seven year old woman with a seventh grade education, first applied for disability benefits on March 23, 1971, alleging that she became disabled on December 6, 1970. This claim was disallowed initially by the Social Security Administration on June 29, 1971, and again

upon reconsideration on October 18, 1971. Wilson then requested a hearing before an Administrative Law Judge (hereinafter ALJ). Oral argument was waived, and the ALJ entered his decision on October 5, 1972, finding that plaintiff was not disabled within the meaning of the Act, and denying her claim for benefits. No appeal was taken to the Appeals Council from this decision, and it became final and binding on the parties. 20 C.F.R. § 404.940.

Wilson claims that she attempted to reopen the otherwise final decision of October 5, 1972, for "good cause" within the meaning of 20 C.F.R. 404.957(b),[1] when she filed her second claim for benefits on July 30, 1973, and submitted therewith "new and material evidence" which had not been considered by the Social Security Administration or the ALJ when her first application was denied. In her second claim for benefits she alleged that she became disabled in January, 1969, and submitted new evidence supporting her claim of psychological disability. This claim was denied by the Social Security Administration and Wilson requested a hearing before an ALJ. The hearing was held before the same ALJ who had ruled upon her earlier claim. He stated his view that the hearing was to consider evidence of disability from October 5, 1972, to March 31, 1973, when Wilson last met the earning requirement. However, when claimant's attorney indicated that he wanted to present competent evidence which had not been presented to the ALJ in 1972, the ALJ allowed him to present such evidence in support of Wilson's claim of disability prior to October 5, 1972.[2]

In his decision of March 26, 1975, the ALJ denied Wilson's claim for disability benefits. Admin. Record at 10–16. However, it is

---

1. 20 C.F.R. § 404.957(b) provides:

§ 404.957 Reopening initial, revised, or reconsidered determinations of the Administration and decisions or revised decisions of an Administrative Law Judge or the Appeals Council; finality of determination and decisions.

An initial, revised, or reconsidered determination of the Administration or a decision or revised decision of a Administrative Law Judge or of the Appeals Council which is

otherwise final under § 404.908, § 404.916, § 404.940, or § 404.951 may be reopened:

. . . . .

(b) After such 12-month period, but within 4 years after the date of the notice of the initial determination (see § 404.907) to the party to such determination, upon a finding of good cause for reopening such determination or decision,

. . . . .

2. ADM. LAW JUDGE: So the issue in this case is whether the claimant is under disability from

apparent from his decision that the ALJ did consider all of the evidence Wilson presented in support of her July 30, 1973 application for disability benefits. He did not consider himself bound by his previous decision of October 5, 1972. He does not even refer to his earlier decision in his disposition of Wilson's second application. This 1975 hearing decision was appealed to the Appeals Council. The Appeals Council upheld the decision and determined that it would stand as the final decision of the Secretary in this case. Admin. Record at 4. Wilson thereupon brought this action in the United States District Court for judicial review of the Secretary's decision, pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g).

In an opinion filed on July 12, 1976, the district judge held:

The unappealed decision of the ALJ in connection with plaintiff's first application for disability benefits is *res judicata* and is binding on the question of plaintiff's disability up to October 5, 1972, the date on which that decision was entered. *See Maddox v. Richardson,* 464 F.2d 617 (6th Cir. 1972); *Gaston v. Richardson,* 451 F.2d 461 (6th Cir. 1971).

*Wilson v. Mathews,* No. C–1–75–283 (S.D. Ohio July 12, 1976), slip op. at 3. The court went on to find that the instant case was

the date of the last decision, that is October 5th, 1972, until she last met the hearings (sic) requirements on March 31, 1973.

Now, that—that is the immediate issue. It—it's possible that this claimant could show on or before, any time on or before she met the hearings (sic) requirements on March 31, 1973, and if there is adequate evidence shown before that time, even though it happened before the decision she hasn't appealed from, there might be some basis for re-opening the prior decision because it is filed within the time.

But our immediate inquiry in this case is what happened since her last hearing and that—I mean since the last decision and that's what I'm going to inquire into today.

.    .    .    .    .

MR. BUTKOVICH: Well, I might ask a question about the procedure at this point.

ADM. LAW JUDGE: Yes?

MR. BUTKOVICH: You're going at the issue at this point of any change in disability between October '72 and March 1st—March 31, '73. In other words—

concerned with only the existence of any disability which appeared after October 5, 1972, and before March 31, 1973, the last day that Wilson met the earnings requirements under the Act. *Id.* at 3. He then held:

We conclude that substantial evidence exists in the record to support the ALJ's finding that plaintiff has not proved disability for the period in question which prevented her from engaging in her usual occupations. However, it appears that considerable evidence of a psychological nature has been produced in this case relating to plaintiff's condition prior to October 5, 1972 which was not brought forth in the proceedings on plaintiff's first application (*e. g.,* records of Cincinnati Sanitarium, Christ Hospital, Good Samaritan Hospital, and the opinion of Dr. Toppen). In this connection, we call to plaintiff's attention the provisions of 20 C.F.R. § 410.957–58 regarding requests for reopening earlier determinations of the Secretary for good cause within four years of the initial determination. *See also, Hunt v. Weinberger,* 527 F.2d 544 (6th Cir. 1975); *Maddox v. Richardson,* 464 F.2d 617 (6th Cir. 1972).

*Id.* at 8.

▮▮▮ This Court has held that the Secretary may apply the doctrine of *res judica-*

ADM. LAW JUDGE: Well, I'm primarily interested in that, because we went over the—you see, the evidence that furnished the basis of the prior decisions is already in the record. We've considered that. And there's no use in going over that again.

MR. BUTKOVICH: Well, if I might point out at this time, at least it's my feeling in reviewing the case to this point that there was probably not significant change between October '72 and March of '73. That the difficulty that my client had was in her utter lack of ability to present the competent evidence that was necessary for you to make a proper decision in October of '72.

.    .    .    .

ADM. LAW JUDGE: But if you think that her case wasn't, of course, properly presented as a basis for the prior on-the-record decision, why, that's appropriate to present that at this hearing.

MR. BUTKOVICH: Okay. Thank you.

Admin. Record at 26–28.

*ta* pursuant to 20 C.F.R. § 404.937(a)[3] to deny consideration of a claim for benefits which raises issues and presents facts previously considered by the Secretary in relation to a prior claim for benefits which had been denied. *Hunt v. Weinberger,* 527 F.2d 544 (6th Cir. 1975); *Maddox v. Richardson,* 464 F.2d 617 (6th Cir. 1972); *Gaston v. Richardson,* 451 F.2d 461 (6th Cir. 1971). *Res judicata* may be applied where the subsequent application was filed more than four years after the Secretary's decision on the claimant's prior application if there was no error on the face of the evidence to justify reopening the decision, *Hunt v. Weinberger, supra,* and it can be applied even if no oral hearing was held before an ALJ on the prior application, *Maddox v. Richardson, supra; Gaston v. Richardson, supra.* Once the Secretary's decision denying a claim for benefits has become final, if it is not appealed to a district court pursuant to 42 U.S.C. § 405(g), it may not be reviewed by the district court as part of its review of another, subsequent decision by the Secretary. *Domozik v. Cohen,* 413 F.2d 5 (3rd Cir. 1969); *see Sangster v. Gardner,* 374 F.2d 498 (6th Cir. 1967); *Myers v. Gardner,* 361 F.2d 343 (9th Cir. 1966). Thus, in the instant case, the district court did not sit to review the Secretary's 1972 decision denying Wilson's claim for benefits when Wilson appealed from the Secretary's 1975 decision. However, the question remains whether the district court properly applied the doctrine of *res judicata* to hold that judicial review of that part of the Secretary's final decision in 1975 which found that Wilson was not entitled to a period of disability, or to disability benefits, up to October 5, 1972, was precluded by the Secretary's decision in 1972.

In *Domozik v. Cohen, supra,* the claimant had failed to seek administrative reconsideration of the initial decisions denying his earlier claims for benefits, and had not sought to reopen the earlier decisions for error or other good cause shown within the four year period allowed by 20 C.F.R. §§ 404.956 *et seq.* 413 F.2d at 6–7. The district court applied *res judicata* to bar relitigation of issues previously resolved by administrative decision. The court of appeals affirmed, holding that *res judicata* could be invoked by the district court to put an end to the litigation even though the hearing examiner had not relied on *res judicata,* but had considered and denied claimant's third application on the merits of the evidence presented.

In *Saldana v. Weinberger,* 421 F.Supp. 1127 (E.D.Pa.1976) (Higginbotham, J.), claimant brought an action for review of the Secretary's decision denying his second claim for disability benefits. His first claim had been denied in an initial determination by the Social Security Administration less than twelve months before he filed his second claim. Claimant did not seek administrative review of the initial determination denying his first claim. However, the court considered claimant's second application in light of 20 C.F.R. § 404.957(a) which pro-

---

**3.** 20 C.F.R. § 404.937(a) provides:

**§ 404.937 Dismissal for cause.**

The presiding officer may, on his own motion, dismiss a hearing request, either entirely or as to any stated issue, under any of the following circumstances:

(a) *Res judicata.* Where there has been a previous determination or decision by the Secretary with respect to the rights of the same party on the same facts pertinent to the same issue or issues which has become final either by judicial affirmance or, without judicial consideration, upon the claimant's failure timely to request reconsideration, hearing, or review, or to commence a civil action with respect to such determination or decision (see §§ 404.911, 404.918, 404.946, and 404.951).

This regulation authorizes the application of *res judicata* by the Secretary to prevent relitigation of issues previously considered and ruled upon by the agency. It has been applied by the courts to deny judicial review of the Secretary's decisions in those cases where the claimant's application for benefits raises issues previously ruled upon and cannot be construed as coming within any provision of 20 C.F.R. § 404.957 to reopen the Secretary's earlier decision. A clearer case for the application of judicial *res judicata* would be presented where the Secretary's prior decision had been reviewed and upheld in the courts, and the claimant seeks judicial review of a subsequent decision denying an application for benefits which raises the same issues previously ruled upon.

vides that an initial determination may be reopened within twelve months from the date of the notice of the initial determination. The court construed the application as an attempt to reopen the earlier decision. The Secretary's motion to dismiss the action on the grounds of *res judicata* was therefore denied, and the court reviewed the Secretary's decision on the merits. *Domozik v. Cohen, supra,* was distinguished on the ground that the claimant in *Domozik* waited over four years after his first two applications had been denied by the Secretary without seeking any administrative review of these initial determinations before he filed his third application for benefits.[4]

■ In the instant case, plaintiff not only sought administrative reconsideration of the initial determination disallowing her first claim for benefits, but she also filed this second claim after twelve months but within four years of the initial determination denying her first claim. The applicable regulations provide that the Secretary may reopen an otherwise final decision after twelve months and within four years of the date of the notice of the initial determination for "good cause". 20 C.F.R. § 404.-957(b). Good cause shall be deemed to exist where "new and material evidence is furnished after notice to the party of the initial determination." 20 C.F.R. § 404.958(a).

A review of the record indicates that the ALJ, whose hearing decision constitutes the decision of the Secretary in this case, did reopen his earlier decision. He considered appellant's claim for a disability from January, 1969, through October 5, 1972, until May 31, 1973, the last day she met the earning requirement, in light of the new evidence of psychological disability presented at the hearing. The district court acknowledged in its opinion that appellant presented "considerable" new evidence in support of her second application. Therefore, instead of suggesting that Wilson file yet another application with the Secretary, the district court should have reviewed the Secretary's decision denying appellant's claim in relation to the total period of disability claimed, and not just for the period from October 5, 1972, to March 31, 1973.

Accordingly, the decision of the district court is vacated, and the case remanded, for a determination whether the Secretary's decision that appellant was not under a disability, and was not entitled to disability insurance benefits, for any period on or before May 31, 1973, is supported by substantial evidence in the record as a whole. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

---

4. Not every claim for benefits filed more than four years after the denial of a prior claim arising out of the same facts or circumstances need be dismissed on the grounds of *res judicata.* 20 C.F.R. § 404.957(c) provides nine grounds upon which the Secretary may reopen a final decision "at any time." Apparently, the claimant in *Domozik v. Cohen,* 413 F.2d 5 (3rd Cir. 1969), was unable to come within any of these requirements. *See also Hunt v. Weinberger,* 527 F.2d 544 (6th Cir. 1975). However, in *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), claimant brought an action under 42 U.S.C. § 405(g) after the Secretary declined to reopen an earlier decision denying a prior application for benefits, and held that the subsequent application, filed seven years after the first one, was barred by *res judicata.* The Court held that the Social Security Act did not authorize review of a refusal to reopen a claim on the grounds of abuse of discretion, and concluded that section 10 of the Administrative Procedure Act does not contain an independent grant of subject matter jurisdiction for the review of such a decision. The Secretary may not be compelled by the courts to reconsider a prior application for benefits. This decision is committed to the Secretary's discretion.