816 F.2d 680
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William R. JESSEE, Jr., Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 86-5085.
 United States Court of Appeals, Sixth Circuit.
 April 10, 1987.
 
 Before KRUPANSKY, NELSON and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Claimant Jessee appeals the district court's order dismissing his claim, which had the effect of affirming the Secretary's denial of disability insurance benefits. Following a hearing before an ALJ, the Secretary denied Jessee's claim for benefits. The district court determined that the Secretary's denial was actually a decision not to reopen a prior adverse determination resulting from an earlier claim. Therefore, the court held that the Secretary's decision was not subject to judicial review. For the reasons that follow, we affirm the district court.
 
 
 2
 Jessee filed his first application for disability benefits in 1974. At that time he filed both Supplemental Security Income (SSI) and disability insurance benefit applications. SSI was awarded, but disability benefits were denied initially and upon reconsideration. Jessee's last date of insured status was September, 1972, and because he failed to establish the onset of a disability prior to that date, the ALJ denied his claim. Since he did not seek further administrative review, the ALJ's decision became final.
 
 
 3
 Jessee filed additional claims in 1978 and again in 1982. Both claims were denied initially and upon review.
 
 
 4
 The present application was filed in October, 1983, nine years after the denial of Jessee's first claim. He alleged that the onset of disability was in November, 1967, due to a heart condition, arthritis, difficulty in walking unassisted, and sillicosis. Following a hearing before an ALJ, his claim was again denied. The Appeals Council declined review and Jessee filed suit in federal district court. The district court held that the hearing was conducted to determine if good cause existed for reopening Jessee's prior claim. Since the Secretary denied the claim, the district court concluded that the Secretary decided not to reopen the claim.
 
 
 5
 The regulations governing the Secretary's decision to reopen prior claims provide in part:
 
 
 6
 "A determination, revised determination, decision, or revised decision may be reopened--
 
 
 7
 (a) Within 12 months of the date of the notice of the initial determination, for any reason; [or]
 
 
 8
 (b) Within 4 years of the date of the notice of the initial determination if we find good cause, as defined in Sec. 404.989, to reopen the case...."
 
 
 9
 20 C.F.R. Sec. 404.988. It is well-established that the Secretary's authority to reopen a claim under the conditions set forth in Sec. 404.988 is discretionary. Hunt v. Weinberger, 527 F.2d 544 (6th Cir.1975).
 
 
 10
 It is true that the Secretary's decision does not purport to be a decision not to reopen Jessee's claim. Jessee contends, therefore, that his hearing before the ALJ constitutes a de facto reopening under McGowen v. Harris, 666 F.2d 60, 64 (4th Cir.1981). We reject this contention.
 
 
 11
 In determining whether to reopen a prior adverse decision, the Secretary is free to conduct "such hearings ... and investigations" as he deems necessary. 42 U.S.C. Sec. 405(b). After considering Jessee's additional evidence, the Secretary simply decided not to reopen the prior decision. Therefore, the district court correctly dismissed Jessee's suit. In the absence of a constitutional challenge, the Secretary's refusal to reopen a prior adverse determination "is not an agency action for which judicial review is available." Gosnell v. Califano, 625 F.2d 744, 745 (6th Cir.1980) (citing Califano v. Sanders, 430 U.S. 99 (1977)).
 
 
 12
 The district court is affirmed.