860 F.2d 1080
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marshall H. PETTY, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary, Health and Human Services,
Defendant-Appellee.
 No. 87-6223.
 United States Court of Appeals, Sixth Circuit.
 Oct. 11, 1988.
 
 Before ENGEL, KEITH and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Marshall H. Petty appeals the judgment of the district court in favor of the Secretary, with the result that he was denied social security disability benefits.
 
 
 2
 One would have thought that Mr. Petty's cause had encountered a sufficiently tortured history once two successive claims were denied, but upon the filing of a third claim it became entangled in issue preclusion. The Appeals Council probably thought it had set that question to rest when it noted that the record showed Petty suffered from a mental impairment prior to June 30, 1979 and remanded the claim to the administrative law judge for a re-evaluation of the mental impairment pursuant to updated standards. Following instructions, the A.L.J. re-evaluated the mental impairment, concluding that while 1982 evidence "clearly show[s] a very severe degree of mental impairment," he could not find evidence to "attribute this severe degree of the impaired functioning to a time prior to June 30, 1979." This finding by the A.L.J. is supported by substantial evidence.
 
 
 3
 The A.L.J. then went on to find, in the course of considering the effect of vocational factors such as age, education, and past work experience, that Petty was "literate," pointing out that "results of current psychometric testing showing the claimant to be illiterate have been noted, but this difficulty appears to be of relatively recent origin, since the claimant underwent some similar testing in May, 1979 in which no such limitation was noted."
 
 
 4
 When the claim was before the district court, the magistrate concluded that the question of literacy was res judicata, due to Petty's failure to appeal his first and second claims. It is hard to fathom how attention to Petty's literacy or lack thereof could be precluded in the district court, in view of the Appeals Council having specifically remanded the third claim to the A.L.J. for re-evaluation of Petty's mental impairment, when his argument was that, even if he were not disabled on account of a severe mental impairment, that mental impairment was nevertheless responsible for his illiteracy. In addition, on remand, the A.L.J. specifically took up the question of literacy and issued the determination complained of. See Wilson v. Califano, 580 F.2d 208 (6th Cir.1978). Accordingly, consideration of Petty's literacy as a factor in determining if he could perform other work was not precluded.
 
 
 5
 Because it relied upon the doctrine of issue preclusion, the district court did not consider the question of literacy on its merits. Resolution of that issue is long overdue. We have reviewed the May 1979 test results referred to by the administrative law judge and conclude that they afford no support for a finding that Petty at that time had the ability to read or write a simple message such as instructions or inventory lists. See 20 C.F.R. Sec. 404.1564(b)(1). Because it is uncontroverted that Petty's physical impairment precluded performance of his past work, and we have determined that he was functionally illiterate, the judgment of the district court is reversed and this cause is remanded with instructions to enter an order awarding benefits.