896 F.2d 553
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Doris B. LUNA, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 89-3551.
 United States Court of Appeals, Sixth Circuit.
 Feb. 23, 1990.
.
 
 Before JONES and MILBURN, Circuit Judges, and BELL, District Judge*.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Doris B. Luna appeals the district court's dismissal of her complaint requesting judicial review of her 1987 application for Social Security benefits. The district court dismissed Luna's complaint on the ground that it lacked jurisdiction to review the Secretary's refusal to reopen Luna's application.
 
 I.
 
 2
 On August 20, 1979, Luna applied for child's disability benefits on behalf of her retarded daughter, Sara. Her application, filed pro se, was denied initially on December 5, 1979, based upon the finding that Sara was not disabled prior to her attainment of age 22. The Social Security Administration advised Luna that she had the right to request a review of the denial of her application, but Luna never made any such request. Consequently, the denial became the final decision of the Secretary.
 
 
 3
 Luna reapplied for child's benefits in March 1987--this time with the assistance of counsel. She submitted as "new evidence" a letter from the person who had employed Sara in 1979. The letter stated that Sara could do sheltered work, but she lacked the capacity for full-time, gainful employment. Luna's application was denied, and she sought to appeal that denial in a hearing before an Administrative Law Judge.
 
 
 4
 Prior to conducting the hearing, however, the ALJ reviewed the file and concluded that Luna's "new evidence" was not material and did not compel the reopening of her 1979 application. In an order dated February 22, 1988, the ALJ dismissed Luna's request for a hearing on the grounds that (1) the 1979 application would not be reopened because the "new evidence" was immaterial, and (2) the 1987 application was barred by the doctrine of res judicata. On July 27, 1988, the Appeals Council denied Luna's request for a review of the ALJ's dismissal of her request for a hearing.
 
 
 5
 Luna then sought judicial review of her request for a hearing, but the district court granted the Secretary's motion to dismiss on the ground that federal courts lack jurisdiction to review the Secretary's refusal to reopen an application where the claimant has failed to raise a colorable constitutional claim, which Luna had failed to do. In addition, the district court explained that judicial review was not available to Luna because 42 U.S.C. Sec. 405(g) provides for judicial review of the Secretary's decisions "made after a hearing," and there had been no hearing in this case.
 
 II.
 
 6
 After a thorough review of the briefs and the record in this appeal, we agree that the district court lacked jurisdiction to adjudicate Luna's complaint. It is well-established that absent a colorable constitutional claim, federal courts do not review a decision of the Secretary to invoke the doctrine of res judicata and refuse to reopen a previously denied application. See Carver v. Secretary of Health & Human Serv., 869 F.2d 289, 291-92 (6th Cir.1989).
 
 
 7
 Luna did not raise any constitutional claims in her 1987 application or in the district court. On appeal, she asserts that invocation of the doctrine of res judicata amounts to the deprivation of due process. Having failed to raise a constitutional claim below, she has waived consideration of such arguments on appeal. See Berlin v. Michigan Bell Telephone Co., 858 F.2d 1154, 1164 (6th Cir.1988). Moreover, even if Luna's "due process" claim were to be considered to have been raised in a timely manner, it does not constitute a "colorable constitutional challenge." Ingram v. Secretary of Health & Human Serv., 830 F.2d 67, 68 (6th Cir.1987) (per curiam).
 
 
 8
 Luna also argues that the bar of res judicata does not attach unless a hearing was held in the prior proceeding. This is contrary to the law in this circuit. See Wilson v. Califano, 580 F.2d 208, 211 (6th Cir.1978). In addition, we agree with the district court that because there was no hearing in this case, Luna could not obtain judicial review based upon 42 U.S.C. Sec. 405(g).
 
 
 9
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation