902 F.2d 33
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leonard MELKUS, Jr., Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 89-1573.
 United States Court of Appeals, Sixth Circuit.
 May 4, 1990.
 
 Before NATHANIEL R. JONES and KRUPANSKY, Circuit Judges; and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Leonard Melkus, Jr. appeals an order denying him a period of retroactive social security disability benefits. For the following reasons, we affirm.
 
 I.
 
 2
 Melkus filed his first application for disability insurance benefits on July 20, 1979, alleging an onset date of December 21, 1978. This application was denied initially by the Secretary on August 13, 1979. Five years later, on July 9, 1984, Melkus filed a second application for disability benefits and a belated "Request for Reconsideration" of the 1979 denial. The agency denied the request for reconsideration on July 23, 1984 on the basis that Melkus had not shown "good cause" for the delay in filing the appeal.[1] On December 7, 1984, Administrative Law Judge (ALJ) John S. Crandall dismissed Melkus' request for a hearing on the first application, holding that any such hearing could not occur until after reconsideration by the agency. Melkus did not seek review of this decision by the Appeals Council. Meanwhile, the second application was denied both initially and on reconsideration. On June 27, 1985, ALJ Robert L. Bartlett found that pursuant to the second application, Melkus was not disabled. In addition, ALJ Bartlett held that there was no good cause for the delay in the filing for reconsideration of the first application. Subsequently, on October 22, 1985, the Appeals Council denied review.
 
 
 3
 On December 20, 1985, Melkus appealed the denial of benefits to the United States District Court for the Eastern District of Michigan, Judge Robert E. DeMascio presiding. The matter was referred to U.S. Magistrate Marcia G. Cooke, and on May 28, 1986, she issued a report and recommendation to award benefits on the second application. However, the report did not discuss the issue of the first application or good cause for the delay in requesting reconsideration. On May 18, 1987, Judge DeMascio ruled against the recommendation of the magistrate and granted summary judgment to the Secretary. He stated that substantial evidence supports the Secretary's conclusion that Melkus is capable of sedentary work--and therefore not disabled. Judge DeMascio also noted that there was not good cause for the delay in filing the request for reconsideration of the first application.
 
 
 4
 On appeal, the Sixth Circuit reversed, holding that substantial evidence did not support the conclusion that Melkus is not disabled. Melkus v. Secretary of Health and Human Services, No. 87-1681 (6th Cir. June 24, 1988) (unpublished per curiam) ("Melkus I "). Upon reversal, this court "remanded [the case] with directions that it be further remanded to the Secretary for determination of the benefits to which the plaintiff is entitled." Slip.Op. at 3. The opinion clearly addressed the second application for disability benefits, and mentioned the first application only in the context of the procedural history:
 
 
 5
 This is the plaintiff's second application for social security disability benefits. The first was filed July 20, 1979, and the plaintiff failed to request reconsideration from its denial within sixty days. In addition to filing a second application for benefits on July , 1984, the plaintiff filed an untimely request for reconsideration.
 
 
 6
 Id. at 1 (emphasis added). Subsequently, the Secretary's petition for rehearing was denied, and on October 21, 1988, the district court issued an order remanding the case to the Secretary for determination of benefits.
 
 
 7
 On October 26, 1988, the United States Attorney for the Eastern District of Michigan forwarded a copy of the district court's order to the Secretary. A period of 60 days is normal for the processing of such orders. Melkus filed a motion to show cause in the district court, contending that the Sixth Circuit's mandate entitled him to a reopening of the first application and therefore a payment of disability benefits retroactive to July 1978, one year before the filing of the application. On March 8, 1989, the district court denied the motion, stating that it could not make a determination of whether the Secretary is in disregard of the court's mandate until the Office of Disability Operations (ODO) made its determination of the benefits to which Melkus is entitled. In the meantime, the ODO made its determination:
 
 
 8
 The law provides that benefit payments can begin no more than 12 months prior to the date you filed your application. Since you filed your application on July 20, 1984, your benefit payments will begin July 1983, which is the earliest month of entitlement under the law.
 
 
 9
 Award Certificate of January 31, 1989 at 2.
 
 
 10
 Melkus then moved for reconsideration of the order of March 8, 1989. He argued that on remand the Secretary was limited to making a determination of the amount of benefits and could not reconsider the issue of substantive entitlement under the first application. The court ruled that:
 
 
 11
 The mandate of the Sixth Circuit did not address the substantive merits of plaintiff's first application and did not decide whether plaintiff had established good cause for his untimely request for reconsideration. Since plaintiff failed to timely file a request for reconsideration, an administrative hearing on the substantive merits of the first application was never held. The Sixth Circuit held that the administrative law judge's determination on the second application that plaintiff was capable of performing a wide range of sedentary work was not supported by substantial evidence. The Sixth Circuit's mandate and this court's order of remand, dated October 21, 1988, stated that the purpose of the remand was for a determination of the benefits to which plaintiff is entitled. It appears to the court that defendant Secretary's determination that plaintiff is entitled to retroactive disability benefits based only on his second application is not contrary to the Sixth Circuit's mandate or this court's order of remand.
 
 
 12
 District Court Order of April 19, 1989 at 3-4.
 
 II.
 
 13
 Under the "law of the case doctrine," where " 'the judgment of the lower court is reversed and remanded with specific directions, the court below has no discretion in the premises, but must pursue the mandate of the appellate court.' " Mefford v. Gardner, 383 F.2d 748, 758 (6th Cir.1967) (citations omitted). Melkus argues the district court failed to follow the mandate of the Sixth Circuit in Melkus I by substantively reconsidering his first application. He maintains that the Melkus I court reversed the district court both in the finding of substantial evidence under the second application and in the finding of no "good cause" for the delay in the request for reconsideration of the first application. Melkus argues that since the first district court opinion discussed both applications, the Melkus I court's decision to reverse "the judgment of the district court" includes by necessary implication the first application for disability benefits. As such, Melkus urges this court to avoid another unnecessary remand and order the Secretary to award benefits on his first application.
 
 
 14
 Upon review of the evidence, we believe that the Secretary did not act in contempt of this court's order by refusing to award benefits pursuant to the first application because Melkus I did not decide the issue of whether Melkus should be paid benefits under the first application. The beginning of the opinion states, "This is the plaintiff's second application for social security benefits." Slip. op. at 1 (emphasis added). This language indicates that the opinion decided only the appeal of the denial of the second application. Not a single word of Melkus I mentions the merits of the claim that there was good cause for reopening the first application. As such, we believe that Melkus' reading of the opinion is manifestly unreasonable.
 
 
 15
 We disagree with the Secretary's argument that the first application was not properly before the Melkus I court. It relies upon Wilson v. Califano, 580 F.2d 208, 211 (6th Cir.1978), where the court held that:
 
 
 16
 Once the Secretary's decision denying a claim for benefits has become final, if it is not appealed to a district court pursuant to 42 U.S.C. Sec. 405(g), it may not be reviewed by the district court as part of its review of another, subsequent decision by the Secretary. (citations omitted).
 
 
 17
 The Secretary maintains that since the denial of the first application was "final," there could be no judicial review. However, in contrast to Wilson, the appeal in the instant case concerned not only the substantive aspects of the second application, but also the possible reopening of the first application. ALJ Bartlett explicitly ruled on the issue of good cause for reopening the first application, and the district court then affirmed this ruling. Thus, we believe that the issue of whether there was "good cause" for an untimely filing of the first application was properly before the Melkus I court, though the court declined to rule on the it. Upon consideration of this issue, we hold that the district court appropriately ruled the first time that Melkus' depression and disgust with filling out forms does not constitute good cause for a five year delay in requesting reconsideration.
 
 III.
 
 18
 For the foregoing reasons, we AFFIRM the decision of the district court.
 
 
 
 [1]
 Under 20 C.F.R. Sec. 404.909 (1989), a claimant is required to request reconsideration within 60 days after receiving notice of an initial denial, and this period may be extended only upon a showing of good cause. See 20 C.F.R. 404.911. Melkus stated that he was depressed about the initial denial and that he was tired of filling out forms. The agency ruled that this did not constitute good cause for the delay