933 F.2d 1009
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joseph J. SHIBLER, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 90-4113.
 United States Court of Appeals, Sixth Circuit.
 May 29, 1991.
 
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Joseph Shibler appeals the district court's judgment affirming the Secretary's denial of social security disability insurance benefits. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a). In addition, both parties have waived oral argument in this case.
 
 
 2
 Shibler filed his third application for social security disability insurance benefits on October 22, 1987, alleging a disability due to a back problem. Following a hearing, the administrative law judge (ALJ) determined that Shibler was not disabled because he had the residual functional capacity to perform his past relevant work as a nightclub doorman. The Appeals Council denied Shibler's request for review.
 
 
 3
 Thereafter, Shibler filed a complaint seeking judicial review of the Secretary's decision. The district court found that the doctrine of res judicata was applicable because Shibler had unsuccessfully filed two prior claims with the Secretary. The court therefore found the relevant time period for adjudicating Shibler's disability was from May 30, 1984, when the Secretary issued its last decision on his prior application, through June 30, 1986, his last insured date. The court found there was substantial evidence to support the Secretary's decision and granted summary judgment for the defendant. Shibler has filed a timely appeal.
 
 
 4
 Upon review, we conclude there is substantial evidence to support the Secretary's decision. Brainard v. Secretary of Health and Human Services, 889 F.2d 679, 681 (6th Cir.1989) (per curiam). Initially, we conclude that the Secretary properly applied the doctrine of res judicata and restricted its consideration of Shibler's application from May 1984 to June 1986. See Wilson v. Califano, 580 F.2d 208, 210-11 (6th Cir.1978).
 
 
 5
 The ALJ properly discounted Shibler's complaints of pain because subjective complaints of pain in the absence of objective medical evidence is not a sufficient basis to establish disability. See Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir.1986); McCormick v. Secretary of Health and Human Services, 861 F.2d 998, 1003 (6th Cir.1988). The ALJ properly considered Shibler's treating doctors' opinions but a physician's opinion regarding disability is not dispositive. See Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir.1986). An ALJ can ignore a doctor's opinion if it is not supported by the evidence. See King v. Heckler, 742 F.2d 968 (6th Cir.1984).
 
 
 6
 The ALJ properly considered the criteria outlined in 20 C.F.R. Sec. 404.1573 and Sec. 404.1574 in finding Shibler's work as a nightclub doorman was performed at the substantial gainful activity level to constitute past relevant work. Although Shibler asserts the Secretary was required to have a vocational expert testify at the hearing, a finding of nondisability may be made at step four of the sequential evaluation in 20 C.F.R. Sec. 404.1520 (1990) without reference to a vocational expert. See Smith v. Secretary of Health and Human Services, 893 F.2d 106, 110 (6th Cir.1989).
 
 
 7
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.