945 F.2d 405
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sandra Jean OLIVE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 91-1324.
 United States Court of Appeals, Sixth Circuit.
 Oct. 1, 1991.
 
 1
 Before MILBURN and SUHRHEINRICH, Circuit Judges, and JORDAN, District Judge.*
 
 ORDER
 
 2
 Sandra Jean Olive appeals a judgment affirming the Secretary's denial of her applications for social security disability benefits and supplemental security income (SSI). The case has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a). In addition, the parties have waived oral argument in this case.
 
 
 3
 In 1986, the Secretary denied a prior disability claim by Olive because it was determined that she could perform her past relevant work as a clerk typist. This decision was affirmed by the district court and by our own court on appeal.
 
 
 4
 Olive filed her current applications for benefits in 1988. A hearing was held before an administrative law judge (ALJ), who determined that Olive was not disabled because she could still perform a significant number of sedentary jobs. The ALJ's opinion became the final decision of the Secretary on May 17, 1990, when the Appeals Council denied Olive's request for further review. Olive's case was referred to a magistrate judge, who recommended that the Secretary's motion for summary judgment be granted. On January 30, 1991, the district court adopted this recommendation and entered a judgment in favor of the Secretary. It is from this judgment that Olive now appeals.
 
 
 5
 The ALJ found that Olive had "diabetes mellitus, controlled hypertension and mild degenerative arthritis with a minor intolerance of high-stress." However, the ALJ also found that Olive retained the ability to perform sedentary work that was not highly stressful and noted that a significant number of jobs were still available to her. Thus, the ALJ was able to determine that Olive was not disabled by relying on vocational testimony within the framework of the medical-vocational guidelines that are found at 20 C.F.R. Part 404, Subpart P, App. 2, Rules 201.29 and 201.22. On appeal, Olive argues that the ALJ did not consider her impairments in combination and that the vocational testimony actually indicates that she is unable to perform a significant number of sedentary jobs.
 
 
 6
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 7
 Brainard v. Secretary of Health and Human Services, 889 F.2d 679, 681 (6th Cir.1989) (per curiam) (citations omitted).
 
 
 8
 The medical evidence supports the ALJ's finding that Olive retained the ability to perform sedentary work that was not stressful. Olive has very poor vision in her left eye, and hospital reports indicate that she suffers from cellulitis, diabetes and hypertension. However, these reports also indicate that Olive was responsive to insulin and blood pressure medication. Moreover, x-rays showed only minor degenerative changes in the spine and hips. In March of 1988, Dr. Robinson reported that Olive had a "full range of motion of all joints, without evidence of significant arthritis." There was no known end organ damage from either diabetes or hypertension. Dr. Robinson noted the presence of "morbid obesity," but he also noted that Olive had not adhered to her diabetic diet. There is also evidence in the record which indicates that Olive does not suffer from a serious heart problem.
 
 
 9
 This evidence is consistent with the questions posed by the ALJ to a vocational expert. The language of the ALJ's opinion and his colloquy with the vocational expert both indicate that the ALJ considered the combined effect of Olive's impairments. See Loy v. Secretary of Health and Human Services, 901 F.2d 1306, 1310 (6th Cir.1990). The vocational testimony is also sufficient to support the Secretary's ultimate finding that Olive was not disabled because a significant number of jobs were still available to her. See Varley v. Secretary of Health and Human Services, 820 F.2d 777, 780 (6th Cir.1987).
 
 
 10
 Olive also argues that the ALJ should have reopened her prior application for benefits because her condition had worsened. However, this argument is not cognizable in the absence of a constitutional challenge. See Blacha v. Secretary of Health and Human Services, 927 F.2d 228, 231 (6th Cir.1990) (per curiam). Therefore, this court's prior determination that Olive was not disabled in 1985 is res judicata in the present case. See Wilson v. Califano, 580 F.2d 208, 210-11 (6th Cir.1978). Moreover, Olive's argument is moot in light of our current holding that there is substantial evidence supporting the Secretary's determination that Olive is not disabled.
 
 
 11
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Leon Jordan, U.S. District Judge for the Eastern District of Tennessee, sitting by designation