James M. HOWARD, Plaintiff-Appellee,

v.

Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Defendant-Appellant.

No. 78–2824

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 22, 1979.

William T. Moore, Jr., U. S. Atty., Henry L. Whisenhunt, Jr., Asst. U. S. Atty., Augusta, Ga., Alan M. Grochal, Atty., Dept. of H. E. W., Gen. Counsel, Baltimore, Md., Barbara Allen Babcock, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., for defendant-appellant.

William R. McCracken, Augusta, Ga., for plaintiff-appellee.

Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.

PER CURIAM.

Plaintiff-appellee James M. Howard originally applied for disability benefits under the Social Security Act (Act) in 1964. Howard's 1964 application was denied, and he sought no administrative review of that denial.

Howard filed a second application in 1976. His 1976 application was also initially denied, but this time Howard requested and was granted a hearing on the application before an administrative law judge (ALJ). The ALJ found that Howard was entitled to a period of disability commencing from December of 1963. However, the ALJ also concluded that under the appropriate "reopening regulations," 20 C.F.R. § 404.957, he could not reopen Howard's 1964 application. Accordingly, the ALJ found that since the disability benefits had to be based on Howard's 1976 application, they would

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

be affected by the statutory limitation on retroactive benefits. *See* 42 U.S.C. § 423(b) (1976). The appeals Council, and through it the Secretary of Health, Education, and Welfare, affirmed the decision of the ALJ.

Howard then brought action in federal district court seeking review of this final decision of Secretary. Specifically, Howard complained of the Secretary's refusal to re-open his 1964 application. The district court remanded the case to the Secretary for findings on the question of whether Howard's mental condition should have tolled the application of the reopening regulations. *See Torres v. Secretary of HEW*, 475 F.2d 466 (1st Cir. 1973). The Secretary now appeals from the district court decision.

The action brought by Howard in federal district court is an action seeking review of the Secretary's refusal to reopen an application for disability benefits. *See Ortego v. Weinberger*, 516 F.2d 1005 (5th Cir. 1975). Although at one time these refusals by the Secretary were considered reviewable, e. g., *Ortego v. Weinberger*, 516 F.2d 1005 (5th Cir. 1975), the Supreme Court has recently made clear that the contrary is the case. *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed. 192 (1977). In *Sanders* the Supreme Court held that the Act precludes review of the Secretary's refusal to reopen an application for disability benefits, unless that refusal is challenged on constitutional grounds. *Id.* Since the Secretary's refusal in this case was not challenged on constitutional grounds, it was not reviewable. Thus, the district court should not have heard the case.

We therefore reverse the decision of the district court and remand the case with instructions that the district court dismiss the action.

REVERSED and REMANDED.