William F. GOSNELL, Plaintiff-Appellee,

v.

Joseph A. CALIFANO, Jr., Secretary of Health, Education & Welfare, Defendant-Appellant.

No. 78-3454.

United States Court of Appeals, Sixth Circuit.

Argued June 11, 1980.

Decided July 8, 1980.

Rehearing Denied Aug. 21, 1980.

James C. Cissell, U. S. Atty., Terry W. Lehmann, Asst. U. S. Atty., Dayton, Ohio, Joseph E. Kane, Asst. U. S. Atty., Columbus, Ohio, for defendant-appellant.

Steven B. Horenstein, Legler, Lang & Kuhns, Bruce I. Nicholson, Dayton, Ohio, for plaintiff-appellee.

Before ENGEL, MERRITT and JONES, Circuit Judges.

PER CURIAM.

The issue on appeal here is whether the Secretary's decision not to reopen two of Gosnell's prior applications for Social Security disability benefits is reviewable. The District Court assumed jurisdiction over the refusal to reopen, and granted summary judgment to Gosnell. Because the refusal to reopen was not subject to judicial review, this Court reverses the judgment of the District Court.

Gosnell injured his lower back in a 1963 auto accident. Prior to the mishap, he worked as a laborer for the National Cash Register Company. Except for a brief unsuccessful attempt to return to NCR one year after the accident, he has not been actively employed since 1963.

Altogether, Gosnell has filed four applications for disability benefits. He filed his most recent application in 1974. He previously filed applications in 1972, 1968 and 1964, which the Social Security Administration denied initially and upon reconsideration. Only in the case of the 1974 application did Gosnell appeal the initial adverse determination.

After a hearing by an administrative law judge on the 1974 application, the Secretary determined that Gosnell was entitled to an award of benefits from July 1971. The award period was based on the 1972 application, which the Secretary reopened for good cause under 20 C.F.R. § 404.957. According to the Secretary, the evidence presented in connection with the 1974 application justified reopening and reversal of the 1972 denial of benefits. Thus the Secretary granted benefits to Gosnell retroactive to July 1971, which was twelve months before the filing of the 1972 application.

The Secretary refused to reopen Gosnell's 1964 and 1968 applications. Neither application could be found, said the Secretary,

and thus there was no way to determine whether the evidence submitted in connection with the 1974 application would prove the 1968 and 1964 denials erroneous. *See* 20 C.F.R. § 404.957(c)(8) (after four years, adversely-decided cases may be reopened "only for the purpose of correcting clerical error or error on the face of the evidence on which such determination . . . was based"). Although the evidence adduced in the 1974 proceeding indicated that Gosnell's disability period began in December 1964, the Secretary contends that it was not possible to reopen the two earliest applications, from which Gosnell had taken no appeal.

The District Court concluded that the Secretary had abused his discretion by refusing to reopen the 1968 and 1964 applications. According to the District Court, the inability of the Secretary to find the two applications raised a presumption that both applications should have been reopened, and also a presumption that the denial of neither application was supported by substantial evidence. The District Court then granted summary judgment to Gosnell, and ordered an award of benefits retroactive to December 1964.

Under *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), a case decided while this case was pending in the District Court but not brought to the attention of the District Judge, the District Court lacked jurisdiction to review the refusal to reopen. In *Sanders*, the Supreme Court ruled definitively that, absent a constitutional challenge, a refusal to reopen is not an agency action for which judicial review is available. The Administrative Procedure Act, ruled the Court, is not an independent grant of subject-matter jurisdiction. 430 U.S. at 104–07, 97 S.Ct. at 983–985. Nor does § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), which provides for civil actions to review "any final decision of the Secretary made after a hearing," allow judicial review of reopening determinations. 430 U.S. at 108–09, 97 S.Ct.

at 985–86. As the Court explained, § 205(g) does not contemplate review of reopening determinations because a hearing need not necessarily precede a refusal to reopen.

Even where a hearing on reopening has occurred, as here, it would appear that the *Sanders* decision precludes judicial review. To allow judicial review of refusals to reopen, said the Court, would frustrate the legislative purpose to impose a time limit on litigation of benefit claims. "Congress' determination . . . to limit judicial review to the original decision denying benefits," the Court observed, "is a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims." 430 U.S. at 108, 97 S.Ct. at 986. Like the Supreme Court this Court must respect the choice that Congress has made.[1] Because Gosnell presented no constitutional challenge to the refusal to reopen, and because neither the APA nor the Social Security Act confers jurisdiction in this case the District Court had no power to review the refusal to reopen. *Wilson v. Califano*, 580 F.2d 208 (6th Cir. 1978) is not inconsistent with our decision here. In *Wilson* the Secretary did not refuse to reopen the previous applications as he did in the case now before us.

Accordingly, the judgment of the District Court is reversed, and the case is remanded for entry of an order dismissing the complaint.

Before ENGEL, MERRITT and JONES, Circuit Judges.

## ORDER DENYING PETITION FOR REHEARING

Upon consideration of the petition for rehearing filed herein by the plaintiff-appellee, the Court concludes that all of the questions addressed in the petition for rehearing were fully considered upon the original submission and decision of the case.

In denying the petition to rehear, we express no view on the question whether the District Court, when it enters its order dismissing the complaint, should do so with leave granted to plaintiff Gosnell to amend

---

1. *See Carney v. Califano*, 598 F.2d 472, 473–74 (8th Cir. 1979) (per curiam) (rejecting contention that district courts have jurisdiction to review refusals to reopen made after a hear-

ing). *Cf. Harapat v. Califano*, 598 F.2d 474, 476–78 (8th Cir. 1979); *Howard v. Califano*, 590 F.2d 137, 137–38 (5th Cir. 1979) (per curiam) (applying *Sanders*).

the complaint so as to challenge the constitutionality of the procedure followed by the Secretary in refusing to reopen the 1964 and 1968 denials. Whether the District Court dismisses the complaint with leave to amend is a matter which addresses itself to the sound discretion of the District Court.

It is therefore ORDERED that the petition for rehearing be and it hereby is denied.