**Willam F. GOSNELL, Plaintiff,**

v.

**Patricia Roberts HARRIS, Secretary of Health and Human Services, Defendant.**

**No. C-3-77-28.**

United States District Court, S. D. Ohio, W. D.

Sept. 4, 1981.

Steven B. Horenstein, Dayton, Ohio, for plaintiff.

Joseph E. Kane, Asst. U. S. Atty., Columbus, Ohio, for defendant.

## OPINION AND ORDER

CARL B. RUBIN, Chief Judge.

This case is before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Complaint. Plaintiff has filed a memorandum in opposition and a motion for summary judgment with supporting memorandum.

## PROCEDURAL HISTORY

Plaintiff filed at least four applications with the Social Security Administration (hereinafter SSA) seeking disability benefits. (Tr. 17) The first application was filed in 1964. The Secretary initially denied the application in August 1964 and Plaintiff did not appeal the denial. Plaintiff refiled an application for benefits in 1968. Again, the Secretary initially denied the application and Plaintiff pursued no appeal. Plaintiff filed a third application for benefits in 1972. This application was also denied initially by the Secretary and it was denied on reconsideration. Plaintiff sought

no appeal. In 1974, Plaintiff filed his fourth application for disability benefits. The Secretary denied the application initially and upon reconsideration. However, Plaintiff sought review of the denial of this application through a request for a hearing before an Administrative Law Judge (hereinafter ALJ).

Following a hearing, the ALJ rendered a decision on August 3, 1976 in which he found that Plaintiff had been disabled since December 1964. Furthermore, he found that because the record had new and material evidence, there was good cause for reopening the 1972 application and for awarding disability benefits 12 months before that application was filed. (Tr. 21) However the ALJ was unable to obtain records of the 1964 and 1968 applications, therefore he could not determine that there was error on the face of the evidence upon which the denials in these applications were based, nor fraud in procurement of the denials, nor "other somewhat unusual circumstances" necessary to permit reopening of the applications under 20 CFR § 404.957(c). (Tr. 21) Although it appeared that the SSA was responsible for failing to maintain the records of the 1964 and 1968 applications (Tr. 17), without the records, the ALJ could not make a determination of whether or not to reopen the applications under 20 CFR § 404.957(c). The ALJ would entertain no presumption that the requirements of the reopening regulations had been met even though he found Plaintiff disabled as of 1964. (Tr. 18, 19, 21, 220–222).

Plaintiff requested a review of the ALJ's decision by the SSA's Appeals Council. He claimed that the ALJ should have awarded him benefits retroactively to December 1964 or, alternatively to January 1968 (Tr. 7). After a review of Plaintiff's case and claims, the Appeals Council found that the ALJ's decision was correct, and accordingly, adopted it as the final decision of the Secretary. (Tr. 4).

Plaintiff appealed to this Court. After a review of the case and the applicable regulations concerning reopenings of applications, we found that Plaintiff should have

been awarded benefits retroactive to December 1964. We reasoned that the Secretary abused his discretion in refusing to open the 1964 and 1968 applications under 20 CFR § 404.957(c)(8). This was based on the Secretary's position of requiring Plaintiff to prove error on the face of the evidence in the 1964 and 1968 applications even though those applications were unavailable because of the Secretary's apparent negligence. This position, under the facts of this case, impermissibly foreclosed Plaintiff from showing that reopening was proper under 20 CFR § 404.957(b), (c)(8). Furthermore, we found that the evidence in the record showed that Plaintiff was disabled in 1964. The Secretary was therefore ordered to award Plaintiff disability benefits retroactive to 1964. The Secretary appealed this decision to the United States Court of Appeals for the Sixth Circuit.

In its decision, the Court of Appeals held that, under *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), absent a constitutional challenge, the Secretary's refusal to reopen the 1964 and 1968 applications was not a final agency decision reviewable by this Court. *Gosnell v. Califano, Jr. Secretary of HEW*, 625 F.2d 744, (6th Cir. 1980). The judgment of this Court was therefore reversed and remanded for entry of an order dismissing the complaint. *Id.*

On July 21, 1980, Plaintiff petitioned the Court of Appeals for a rehearing and requested remand of the case to this Court with instructions that Plaintiff be permitted leave to amend his Complaint to raise a constitutional challenge. On August 21, 1980, the Court of Appeals entered an order denying the petition for rehearing. However, it left to the discretion of this Court the decision of whether or not Plaintiff should be granted leave to amend his complaint so as to challenge the constitutionality of the Secretary's refusal to reopen the 1964 and 1968 applications.

On September 11, 1980, this Court, in accordance with the mandate of the Court of Appeals, ordered dismissal of Plaintiff's Complaint. Plaintiff filed a motion for reconsideration of this Order to which De-

fendant filed an opposing memorandum. This Court entered an Order on October 8, 1980 setting aside the September 11, 1980 Order, and dismissing the complaint with leave to file an amended complaint. Plaintiff filed an Amended Complaint to which Defendant filed the motion to dismiss presently before this Court.

## THE PARTIES' ALLEGATIONS

In his Amended Complaint, Plaintiff alleges that the Secretary's refusal to reopen the 1964 and 1968 applications "... was arbitrary, capricious, manifestly unfair, and constituted a violation of Plaintiff's rights to substantive and procedural due process and equal protection ..." under the Fifth Amendment. Plaintiff's Amended Complaint ¶ 8.

Plaintiff has apparently abandoned his substantive due process and equal protection claims because in his supporting memorandum he devotes the arguments contained therein to only a procedural due process claim.[1] Specifically, Plaintiff argues that the Secretary's handling of the 1964 and 1968 applications denied him the meaningful review of those applications which due process requires. Furthermore, Plaintiff argues that the Secretary's arbitrary and capricious refusal to reopen those applications according to the applicable regulations was also violative of his right to procedural due process.

The Secretary alleges that because Plaintiff has no vested property right in obtaining disability benefits, he is entitled to no procedural protections other than those set forth in the Social Security Act. Plaintiff failed to exercise the procedures which were available to him at the time he filed the 1964 and 1968 applications. Therefore, the Secretary contends, Plaintiff forfeited his procedural protection and has no additional protections available to him on a petition to reopen the applications. Furthermore, the Secretary argues that Plaintiff has the burden of proving that reopening is justified, notwithstanding the loss of the application files and the Secretary's apparent negligence in causing that loss. Moreover, citing *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), the Secretary argues that any unfairness or abuse of discretion resulting from a refusal to reopen applications is not reviewable by this Court.

## OPINION

Plaintiff's failure to proceed to the next level of the SSA's review process rendered the adverse determinations in the 1964 and 1968 applications final. 20 CFR § 404.916. This bars future consideration of his disability claims. The only exception to this finality provision is set forth in the regulations providing for reopening of the SSA's determinations to give additional consideration to the claims asserted in the applications. 20 CFR § 404.957.[2]

Federal courts may not review claims of unfairness or injustice when the

---

1. Furthermore, after reviewing Plaintiff's Amended Complaint and supporting memoranda we find that he has stated neither a colorable substantive due process claim nor a colorable equal protection claim necessary to confer subject matter jurisdiction upon this court. See, *Flemming v. Nestor*, 363 U.S. 603, 608–12, 80 S.Ct. 1367, 1371–73, 4 L.Ed.2d 1435 (1960); *Weinberger v. Wiesenfeld*, 420 U.S. 636, 95 S.Ct. 1225, 43 L.Ed.2d 514 (1975); *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977).

2. The applicable subsection for this case states that:

An initial, revised or reconsidered determination of the Administration or a decision or revised decision of an Administrative Law Judge or of the Appeals Council which is otherwise final under § 404.908, § 404.916, § 404.940, or § 404.951 may be reopened:

\* \* \* \* \* \*

(c) At any time when:
(1) Such initial, revised, or reconsidered determination or decision or revised decision was procured by fraud or similar fault of the claimant or some other person;

\* \* \* \* \* \*

(8) Such initial, revised, or reconsidered determination or decision or revised decision is unfavorable, in whole or in part, to the party thereto but only for the purpose of correcting clerical error or error on the face of the evidence on which such determination or decision was based.... 20 C.F.R. § 404.957.

Secretary simply refuses to reopen an application under the applicable regulations. *Califano v. Sanders, supra; Gosnell v. Califano,* 625 F.2d 744 (6th Cir. 1980); *Matos v. Secretary of Health, Education and Welfare,* 581 F.2d 282 (1st Cir. 1978). Nevertheless, federal courts are not precluded from reviewing refusals to reopen when a claimant raises a colorable constitutional claim. *Califano v. Sanders, supra.* Accordingly, the issue in this case is whether or not Plaintiff has raised, in his amended complaint, a colorable constitutional claim sufficient to confer subject matter jurisdiction upon this court.

Because Plaintiff's constitutional claims all stem from a Fifth Amendment procedural due process violation, our first determination is whether or not Plaintiff has a vested property interest in Social Security Benefits to which the procedural protections of due process apply. *Mathews v. Eldridge,* 424 U.S. 319, 332–33, 96 S.Ct. 893, 901–02, 47 L.Ed.2d 18 (1976). For the reasons set forth below, we find that he does.

The Supreme Court has held that "the 'right' to Social Security benefits is in one sense 'earned', . . . .," [3] *Flemming v. Nestor,* 363 U.S. 603, 610, 80 S.Ct. 1367, 1372, 4 L.Ed.2d 1435 (1960); *See, Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). It has implicitly held that procedural due process applies to the administrative and adjudicative proceedings through which an individual actually obtains benefits, *Richardson v. Perales, supra,* at 401, 91 S.Ct. at 1427, and not only when those benefits, once obtained, are terminated. *See, Mathews v. Eldridge,* 424 U.S. 319, 332, 96 S.Ct. 893, 901, 47 L.Ed.2d 18 (1976). Furthermore, the Sixth Circuit has implicitly recognized that due process applies when

a claimant files an application for disability benefits with the SSA. *Parker v. Califano,* 644 F.2d 1199, (6th Cir. 1981); See also *Ratliff v. Harris,* C–2–79–146 (S.D.Ohio 1979).

■ Because we find that Plaintiff has a procedurally protected property interest in obtaining Social Security benefits once he files his application for them, we must now determine whether or not Plaintiff makes a colorable constitutional claim that he was denied the procedural protections to which he was entitled.

Plaintiff's first argument is that he was denied fundamental due process because his initial applications were not given "meaningful review". Citing *Stanley v. Harris,* 1A Unempl.Ins.Rptr. (CCH) ¶ 17,226 (S.D. W.Va.1980), as authority for his position, Plaintiff contends that medical evidence submitted in his subsequent applications established that he was disabled as of July 2, 1963. In fact, the ALJ concluded that Plaintiff had been disabled since December 1964. (Tr. 21). Plaintiff argues that the Secretary has the duty to properly investigate applications for disability benefits and that had the Secretary properly investigated Plaintiff's earlier applications and assisted him in obtaining the necessary evidence, then Plaintiff would have been found disabled as the evidence in the subsequent applications revealed.

■ It is unnecessary to completely set forth a due process analysis for this case, *See, Mathews v. Eldridge, supra,* 424 U.S. at 334–335, 96 S.Ct. at 902–03, because we recognize that, under both the due process clause and the Social Security Act, Plaintiff's applications for disability benefits are entitled to an *opportunity* for meaningful

---

**3.** This position is supported by language in recent Supreme Court decisions indicating that an individual may obtain a property interest in "contingent benefits" to which some quantum of procedural due process would apply. *Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex,* 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). A constitutional entitlement to contingent benefits can be conferred upon an individual by a statute which contains definitions, criteria, and mandatory language

for the creation of that benefit. *Connecticut Board of Pardons v. Dumschat,* —— U.S. ——, 101 S.Ct. 2460, 69 L.Ed.2d 158 (1981). The Social Security Act is replete with definitions, criteria and mandatory language for determining eligibility for benefits. *E. g.* 42 U.S.C. §§ 402, 416 and 423. *See, Flemming v. Nestor,* 363 U.S. 603, 608, 80 S.Ct. 1367, 1371, 4 L.Ed.2d 1435 (1960); *Stanley v. Harris,* 1A Unempl.Ins.Rptr. (CCH) ¶ 17.226 (S.D.W.Va. 1980).

review. *See Parker v. Califano, supra.* However, we construe Plaintiff's argument as claiming a right to an error free review. Neither the Social Security Act nor the due process clause grant such a right. The procedural protections afforded by the due process clause are aimed at providing the *opportunity* for establishing the validity or probable validity of a claim. *See, Mathews v. Eldridge, supra,* at 332–333, 348–349, 96 S.Ct. at 901–902, 909–910; *Sniadach v. Family Finance Corp.,* 395 U.S. 337, 343, 89 S.Ct. 1820, 1823, 23 L.Ed.2d 349 (1969) (Harlan, J., concurring). The statutory and regulatory scheme which makes up the Social Security benefits program provides ample *opportunity* for meaningful review of applications for disability benefits to determine the validity of claims asserted therein. It also provides appeal procedures for correction of possible errors occurring at the different levels of eligibility determination. 42 U.S.C. § 405; 20 C.F.R. §§ 404.905–940, §§ 404.945–952 (1980).

Plaintiff concedes that he failed to appeal the administrative decisions denying the benefits he claimed in his earlier applications. Had he done so, the inadequate review of those applications which Plaintiff presently alleges may have been corrected. In making this observation, we have considered whether or not plaintiff alleges a cognizable constitutional claim under the recent decision in *Parker v. Califano,* 644 F.2d 1199 (6th Cir. 1981). In that case, the court held that the application of administrative *res judicata* to a claimant of Social Security benefits because of a failure to timely exhaust administrative appeals gives rise to a colorable constitutional claim if there is evidence supporting an allegation that the claimant was suffering from a mental illness at the time she failed to exhaust her administrative remedies. *Id. Accord, Shrader v. Harris,* 631 F.2d 297 (4th Cir. 1980); *But see: Bagby v. Harris,* 650 F.2d 836 (6th Cir. 1981).

Plaintiff has failed to adequately allege such a claim. Moreover, the *Parker* case is distinguishable from the one at bar because it involved the specific application of *res judicata* due to the claimant's failure to pursue her administrative remedies. *See Bagby v. Harris, supra.* In this case, there was no application of *res judicata* because plaintiff failed to pursue the administrative remedies available for those applications. On the contrary, the ALJ overturned an assertion of *res judicata* made at the redetermination level and refused to apply it to the earlier applications. (Tr. 18, 21, 28). Instead, he refused to reopen the earlier applications because, without the records of the applications, there was no way for him to determine if such an act was proper under the applicable regulations.

The distinction between *res judicata* and a denial of a request to reopen earlier applications was recognized in *Califano v. Sanders,* 430 U.S. 99, 102–103, 97 S.Ct. 980, 983, 51 L.Ed.2d 192 (1977); *Matos v. Sec. HEW,* 581 F.2d 282, 285–287 (1st Cir. 1978). Furthermore, 20 C.F.R. § 404.937(a) refers to dismissal of hearing requests on the basis of *res judicata* not dismissals of petitions to reopen earlier applications. We consider the *applicable* reopening provisions under 20 C.F.R. § 404.957, which refers only to reopening of otherwise final decisions under 20 C.F.R. §§ 404.908, 404.916 and 404.951, to be the administrative equivalent of relief from judgment or order for mistakes, newly discovered evidence or fraud available in federal court under Rule 60 of the Federal Rules of Civil Procedure.

Nevertheless, plaintiff had an *opportunity* for meaningful review of his applications. Thus, under the facts of this case, Plaintiff's argument claiming a denial of a meaningful review of his earlier applications is not a colorable constitutional claim that confers subject matter jurisdiction upon this Court. To the extent the *Stanley v. Harris, supra* decision supports a contrary conclusion, we find that it is not persuasive.

Plaintiff's second argument is that the Secretary's position of requiring Plaintiff to prove error on the face of the record of his earlier applications, as required for reopening the applications under 20 C.F.R. § 404.957(c)(1), despite the fact that the Secretary has lost those applications is unconscionable,

arbitrary and an abuse of discretion. Plaintiff concedes that the "opportunity to reopen an otherwise final decision is a matter of 'administrative grace' afforded by the Secretary's regulations" but nevertheless contends that the procedure afforded by those regulations must be conducted in a fair and meaningful manner.

Our research has uncovered only one other case similar to the one at bar, and specifically including this argument. In *Fowler v. Califano*, 596 F.2d 600 (3rd Cir. 1979), the Plaintiff filed an application for disability benefits in 1968 and 1974. The 1968 application was denied and Plaintiff sought no appeal. After an initial denial of Plaintiff's 1974 application, the Secretary referred Plaintiff's case to the Pennsylvania Bureau of Vocational Rehabilitation which determined that Plaintiff had been disabled between 1965 and 1970. The Secretary denied payment of any benefits because the 1974 application had been filed more than twelve (12) months after the initial disability period ceased in 1970. Plaintiff then requested a hearing before an ALJ claiming that the 1968 application had been denied in error and that it should therefore be reopened. However, the ALJ ignored the reopening claim and found that Plaintiff had not been disabled before June 30, 1966. This decision was affirmed by the Secretary and the district court found substantial evidence to support the Secretary's decision. The court of appeals reversed, finding that Plaintiff was disabled. Furthermore, the court would have granted benefits if it were not for the 1968 application and the request for reopening that application under 20 C.F.R. § 404.957(c)(8) because of error on the record. However, as in this case, the following situation had occurred:

> As luck would have it however, the Social Security records containing Miss Fowler's 1968 claim have been lost, destroyed, or consigned to a state of eternally suspended animation because of an inability to retrieve the information from the data storage system. The precise reason is not entirely clear from the record, but the end result is—Social Security no longer has the documents or copies containing

the application and denial of the 1968 claim. In the Administration view expressed on appeal, this mishap simplifies the matter: since there is no record of the 1968 claim, there is no evidence from which it can be determined that error exists. Plaintiff argues it is unconscionable for the Administration to take a position that in effect permits it to profit by its own errors and we are inclined to agree. The Social Security Act is to be interpreted liberally to effectuate its beneficent purposes. *Id.* at 604.

The court found that Plaintiff had submitted adequate evidence from which to reconstruct the missing record. Nevertheless, it remanded the case because:

> The Secretary *has not ruled upon the application for reopening since the necessity for that decision was foreclosed by the ALJ's determination of nondisability.* The issue now, however, is squarely presented by the record and, accordingly, we must remand to the Secretary for his determination of whether to reopen in view of the *injustice* that has been visited upon the claimant and the difficulty of proof existing through no fault of her own. *Id.* (Emphasis added).

The procedural difference in this case is significant because we feel that had the Secretary squarely addressed the petition to reopen and denied it, as she did with Plaintiff's petition, the *Fowler* court would have declined judicial review under *Califano v. Sanders, supra,* notwithstanding its characterization of the Secretary's position as unjust. It appears that the court borrowed the language with which it characterized the Secretary's position from *Lauritzen v. Weinberger,* 514 F.2d 561, 563 (8th Cir. 1975) and *Coulter v. Weinberger,* 527 F.2d 224, 228 (3rd Cir. 1975). Those cases were decided before the Supreme Court's decision in *Califano v. Sanders, supra.* However, the *Fowler* court expressed no opinion as to whether or not the loss of the records and the Secretary's "unjust" position with regard to that loss on a request to reopen gave rise to a colorable constitutional claim.

Furthermore, the Supreme Court explicitly recognized in *Califano v. Sanders, supra* 430 U.S. at 108, 97 S.Ct. at 986, that the opportunity to reopen final decisions on applications was afforded by the Secretary's regulations, not the Social Security Act. Any claim of unfairness or alleged abuses of agency discretion in refusing to reopen claims for Social Security benefits are not subject to judicial review under 42 U.S.C. § 405(g). *Id.* at 107–108, 97 S.Ct. at 985–986; *See, Walker v. Weinberger,* Unempl.Ins.Rptr. [Transfer Binder] (CCH) ¶ 16,222 (E.D.Ark.1978). We refuse to convert what is essentially an abuse of agency discretion claim into a constitutional claim and thereby circumvent the Supreme Court's holding in *Califano v. Sanders, supra.* The Secretary's position concerning the refusal to reopen Plaintiff's earlier applications does not give rise to a colorable constitutional claim.

Furthermore, Plaintiff, in his motion for summary judgment filed pursuant to his amended complaint, seeks retroactive payment of disability benefits to July 2, 1963. This is based on his allegation that he has shown entitlement to disability benefits as of that period. Plaintiff appears to be seeking judicial review of his eligibility for benefits. However, under *Califano v. Sanders,* we are precluded from doing so because a refusal to reopen is not a final decision by the Secretary. Plaintiff may obtain judicial review only if he states a colorable constitutional claim. Such a claim is collateral to one concerning the eligibility for benefits, *Schrader v. Harris,* 631 F.2d 297 (4th Cir. 1980), and therefore "comes within the narrow limits in which review is permitted." *Himmler v. Califano,* 611 F.2d 137, 146 (6th Cir. 1979); *See, Gipson v. Harris,* 633 F.2d 120 (8th Cir. 1980). To the extent Plaintiff presents his claim as an improper denial of eligibility for benefits, we decline judicial review because we are without subject matter jurisdiction. *See, Bagby v. Harris, supra; Walker v. Weinberger, supra.*

Plaintiff has failed to raise a colorable constitutional claim in his amended complaint; therefore, Defendant's motion to Dismiss Plaintiff's Amended Complaint is granted.

It is hereby ORDERED that Plaintiff's Amended Complaint be dismissed.