**William F. GOSNELL,
Plaintiff-Appellant,**

v.

**SECRETARY OF HEALTH AND
HUMAN SERVICES,
Defendant-Appellee.**

No. 81–3648.

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 10, 1983.

Decided March 25, 1983.

Nathaniel R. Jones, Circuit Judge, concurred and filed opinion.

Steven B. Horenstein, Lang, Horenstein & Dunlevey, Steven Watring, (argued), Dayton, Ohio for plaintiff-appellant.

Joseph E. Kane, Asst. U.S. Atty., Columbus, Ohio, Joseph S. Friedman (argued), Randolph W. Gaines, Deputy Asst. Gen. Counsel for Litigation, Office of the General Counsel, Dept. of Health & Human Services, Baltimore, Md., for defendant-appellee.

Before MERRITT and JONES, Circuit Judges, and JOINER,* District Judge.

MERRITT, Circuit Judge.

This is the second time we have reviewed this Social Security case concerning the reopening of earlier claims decided fifteen years ago. Our earlier decision was *Gosnell v. Califano,* 625 F.2d 744 (6th Cir.1980). The appeal this time presents the issue of whether the Secretary's refusal to reopen two of plaintiff William F. Gosnell's prior applications for Social Security disability benefits constitutes a violation of the due process clause of the Fifth Amendment of the U.S. Constitution. The District Judge dismissed the complaint because he concluded that plaintiff had failed to raise a colorable constitutional claim. We find that Gosnell's complaint does not state a valid cause of action under the due process clause, and accordingly we affirm the District Court's decision.

I.

Plaintiff brought this action to obtain review of the Secretary's refusal to reopen disability applications that plaintiff had filed in 1964 and 1968. These applications arose from a lower back injury that plaintiff suffered in a 1963 automobile accident. Gosnell filed additional applications in 1972 and 1974, which, like the two previous applications, were denied by the Social Security Administration. He appealed only the 1974 denial and, after a hearing before an administrative law judge, was awarded benefits dating from July, 1971. This award was based on the 1972 application, which was reopened pursuant to 20 C.F.R. 404.-

* The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation.

957(b) (1980) (authorizing the reopening of cases for good cause within four years of initial determination).[1] Despite a finding that Gosnell had been disabled since December, 1964, the Administrative Law Judge refused to reopen the unsuccessful 1964 and 1968 applications because more than four years had elapsed since the initial denial of each of those applications. *See* 20 C.F.R. 404.988(b). Moreover, since the file for neither application could be found, reopening could not occur under 20 C.F.R. 404.-988(c)(8), which provides that a case may be reopened "at any time if . . . [i]t is wholly or partially unfavorable to a party, but only to correct clerical error or an error that appears on the face of the evidence that was considered when the determination or decision was made."

In the original District Court proceeding, the trial judge reversed, ordered that the 1964 and 1968 applications be reopened, and awarded benefits dating from December, 1964. The Secretary appealed that ruling to this Court, which reversed, holding that, under *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), the District Court lacked jurisdiction to review the Secretary's decision absent a constitutional challenge to the reopening refusal. *Gosnell v. Califano,* 625 F.2d 744 (6th Cir.1980). This Court, however, allowed the District Court discretion to permit Gosnell to remedy the jurisdictional defect in an amended complaint. *Id.* at 745–46.

The District Court allowed Gosnell to file an amended complaint that alleged, for the first time, that the Secretary's refusal to open the 1964 and 1968 applications violated plaintiff's rights to due process and equal protection because the Secretary had lost the files concerning those two applications. The District Court granted the Secretary's motion to dismiss plaintiff's amended complaint, holding that Gosnell had failed to present a colorable constitutional claim. *Gosnell v. Harris,* 521 F.Supp. 956 (S.D.Ohio 1981). Plaintiff now appeals that ruling.[2]

## II.

In its opinion, the District Court noted "that the opportunity to reopen final decisions on applications . . . [is] afforded by the Secretary's regulations." *Id.* at 963, *citing Califano v. Sanders,* 430 U.S. 99, 108, 97 S.Ct. 980, 986, 51 L.Ed.2d 192 (1977). The District Court viewed Gosnell's amended complaint as asserting "essentially an abuse of agency discretion claim," which it refused "to convert . . . into a constitutional claim and thereby circumvent the Supreme Court's holding in *Califano v. Sanders, supra.*" 521 F.Supp. at 963. The District Court thus held that it lacked subject matter jurisdiction over the case.

■ We affirm the District Court's decision to dismiss the complaint, although we are not prepared to hold—as urged by the government—that a petition to reopen is not entitled to any constitutional protection. Instead, we conclude that Gosnell's due process rights were not violated by the Secretary's refusal to reopen the 1964 and 1968 applications. The Secretary's inability to find the files in question does not constitute a due process violation. We do not believe that the due process clause requires the Secretary to retain records perpetually in order to enable claimants to reopen their cases at any time. Such a rule would amount to saddling the Secretary with the burden of rebutting 20 C.F.R. 404.988(c)(8) and would be manifestly inconsistent with a statutory scheme that requires the claimant to prove all elements of entitlement to disability insurance benefits. *See Mathews v. Eldridge,* 424 U.S. 319, 336, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976); *Ragan v. Finch,* 435 F.2d 239, 241 (6th Cir.1970), *cert. denied,* 402 U.S. 986, 91 S.Ct. 1685, 29 L.Ed.2d 152 (1971). Although he received a copy of the decision made by the Secretary on each application, Gosnell has not presented any pertinent evidence regarding these prior

---

1. 20 C.F.R. 404.957 has been subsequently recodified and now appears, without substantive change, as 20 C.F.R. 404.988 (1982). This opinion cites the Regulations in their revised form.

2. Apparently having abandoned his equal protection claim on appeal, Gosnell now only alleges violation of his right to due process.

claims. The Constitution does not exempt citizens from the responsibility of maintaining their own records. The burden of showing "error . . . on the face of the evidence," 20 C.F.R. 404.988(c)(8) must reside with the claimant. We therefore find that the Secretary's refusal to reopen the 1964 and 1968 claims did not deprive Gosnell of due process and that petitioner's claim to this effect does not state a cause of action for constitutional relief under the due process clause.

### III.

■ Gosnell also argues that his "severe psychological problems" may have rendered the procedural safeguards afforded him during his first two applications constitutionally inadequate. These problems, he claims, may have prevented him from appealing the 1964 and 1968 adverse decisions in timely fashion. He accordingly requests that the case be remanded to the District Court for determination of this issue, citing this Court's decision in *Parker v. Califano,* 644 F.2d 1199 (6th Cir.1981). Having reviewed the record, we find that it does not contain any claim or evidence of mental impairment comparable to that involved in *Parker,* where the claimant had a long history of mental illness preceding her application for disability insurance benefits.

The judgment of the District Court is affirmed.

NATHANIEL R. JONES, Circuit Judge, concurring.

In the first appeal of this case, this Court held that the district court lacked jurisdiction to entertain the merits of the claim, but allowed the district court discretion to permit plaintiff to remedy the jurisdictional defect by filing an amended complaint. *Gosnell v. Califano,* 625 F.2d 744, 745–46 (6th Cir.1980). After the complaint was amended, however, the majority concluded that it failed to raise a colorable constitu-

tional claim because "[t]he Constitution does not exempt citizens from the responsibility of maintaining their own records." *See* pp. 218–219, *supra.*

I agree with the majority that the Secretary's refusal to reopen the 1964 and 1968 applications was not a denial of due process. However, my conclusion is based upon former 20 C.F.R. § 404.957 which provided for the reopening of a final determination for "good cause" as long as the request is made "*within 4 years* after the . . . initial determination" is made. In the instant case, the ALJ concluded that he was precluded from reopening the 1964 and 1968 determinations because, *inter alia,* they were more than four years old; this ruling was correct. I concur separately, however, because I disagree with the majority's implicit conclusion that the burden of showing error on the record encompasses the burden of producing the record as well.

In the instant case, appellant's 1964 and 1968 applications for disability benefits were denied both initially and upon reconsideration; however, in 1976 an administrative law judge determined that his period of disability began on December 31, 1964. To the extent that a claimant has the burden of establishing error on the face of the record as well as *establishing the record* to reopen an application, I think that shifting the burden of production of the record to the claimant is impermissible.

The Records Management Guide[1] requires the Department of Health and Human Services to maintain all records of applicant files for a period of twenty years. This provision places the responsibility for the maintenance of records upon the Secretary. Thus, it is a due process violation to shift to the claimant the burden of producing the records in order to establish error therein, where the Secretary is unable to locate them. Although I agree that there is

---

1. The administrative policy for the retention of Social Security records that was applicable during the period from 1964 to 1976 requires the Social Security Administration to:

transfer to the Federal Records Center after expiration of the reconsideration period and identification as eligible for transfer by the Case Control System. Destroy when 20 years old.

Records Management Guide OCD–g:40–2 (November 23, 1981).

no due process violation by virtue of the Secretary's refusal to reopen the applications, I construe the claimant's burden to produce the relevant records as an impermissible shifting of the burden in light of the Secretary's responsibility for maintaining such records pursuant to the Records Management Guide. To the extent the Secretary requires a claimant to produce records under these circumstances, the claimant is impermissibly deprived of access to them and to due process.