791 F.2d 931
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
BEVERLY I. COKER, Plaintiff-Appellant,
vs.
MARGARET M. HECKLER, SECRETARY OF HEALTH AND HUMAN SERVICES,
Defendant-Appellee.
 85-1166
 United States Court of Appeals, Sixth Circuit.
 4/4/86
 
 AFFIRMED
 E.D.Mich.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 Before: LIVELY, Chief Judge; CONTIE, Circuit Judge; and WEICK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Beverly I. Coker appeals from the judgment of the district court dismissing Coker's action and affirming the Secretary's determination that Coker's application for disability benefits is barred by res judicata. For the reasons that follow, we affirm the judgment of the district court.
 
 I.
 
 2
 On March 22, 1979, Coker filed both an application for disability insurance benefits alleging disability as of September, 1975 and an application for supplemental security income benefits. Coker's applications were denied initially and upon reconsideration. Coker requested and was granted a hearing before an Administrative Law Judge (ALJ). In a decision dated April 24, 1980, the ALJ found that Coker had not established a disability commencing on or before September 30, 1978, the date her insured status expired. Accordingly, the ALJ determined that Coker was not entitled to either disability insurance benefits or supplemental security income. On August 21, 1980, the Appeals Council upheld the ALJ's decision.
 
 
 3
 Coker timely appealed to the district court which, on August 31, 1981, adopted a magistrate's report recommending affirmance of the Secretary's findings. On September 22, 1981, the district court entered a judgment of dismissal. Coker did not appeal from this decision, thereby allowing it to become the final judgment.
 
 
 4
 On September 30, 1980, Coker filed a second application for supplemental security income benefits. An ALJ determined on September 9, 1982, that Coker was not eligible for the benefits. On April 26, 1983, the Appeals Council reversed the ALJ's determination, finding that as of September 30, 1980, Coker 'was disabled as defined in section 1614(a)(3) of the Social Security Act; and that the disability ha[d] continued up to and through the date of [the Appeals Council's] decision.' The present appeal does not concern this decision.
 
 
 5
 A second application for disability benefits, dated May 18, 1982, was also filed by Coker. That application was denied initially and upon reconsideration. No further action was taken with regard to this application.
 
 
 6
 On October 6, 1982, Coker filed here third and current application for disability insurance benefits. Coker again sought to establish by using new evidence that she was disabled prior to September 30, 1978, the date her insured status expired. This evidence consisted of x-rays taken May 8, 1979 and a series of affidavits made by friends of Coker describing her condition.
 
 
 7
 The current application was denied initially and uponreconsideration. Coker then filed a request for a hearing before an ALJ. On April 26, 1983, the ALJ determined that the previous ALJ decision of April 24, 1980 was the final adjudication of Coker's disability through September 30, 1978 and therefore dismissal of Coker's request for a hearing was required pursuant to the doctrine of res judicata. Coker timely appealed to the Appeals Council, requesting a hearing to present her new evidence. On July 27, 1983, the Appeals Council determined, pursuant to 20 C.F.R. Sec. 404.970, that there was no basis for granting Coker's request for review of the ALJ's order of dismissal.
 
 
 8
 On September 26, 1983, Coker initiated the present case by filing her complaint with the district court. Coker requested to have the Secretary's decision reversed and to have her case remanded for a full hearing. Coker asserted two grounds in support of her request. She claimed that the Social Security Act permits introduction of new evidence in a case that would otherwise be controlled by the doctrine of res judicata. She also argued that in reviewing her first application, the ALJ made a priam facie legal error by not considering x-rays dated April 27, 1977 under the criteria of Listed Impairment 1.05A of Appendix I, Subpart A of 20 C.F.R. 404.[1]
 
 
 9
 By stipulation and order of March 7, 1984, the district court granted the Secretary additional time to answer. On June 18, 1984, the Secretary moved to dismiss Coker's complaint on the grounds that the action was barred by res judicata and that the district court lacked jurisdiction to review the Secretary's refusal to reopen Coker's case pursuant to Califano v. Sanders, 430 U.S. 99 (1977).
 
 
 10
 Coker requested the district court to hold consideration of the Secretary's motion in abeyance to allow the Secretary the opportunity to review Coker's new evidence. The Secretary did not object and on June 28, 1984, Coker submitted to the Appeals Council the evidence not previously considered by the ALJ. In a letter dated July 18, 1984, the Appeals Council determined that the evidence did not warrant any changes in the disposition of Coker's case. The Appeals Council found that the May 8, 1979 x-rays did not constitute new and material evidence since they were taken after September 30, 1978 and therefore did not establish a disability on or before the date Coker's insured status expired. With respect to the affidavits, the Appeals Council determined they were purely subjective and unsupported evaluations of Coker's condition by her friends.
 
 
 11
 On August 13, 1984, Coker filed both her answer to the Secretary's motion to dismiss and a petition for writ of mandamus. Coker requested issuance of a writ of mandamus ordering the Secretary to schedule a hearing of Coker's case before an ALJ.
 
 
 12
 On October 5, 1984, the district court referred Coker's action to a magistrate for a report and recommendation. The magistrate issued his report on December 10, 1984, recommending that the district court grant the Secretary's motion to dismiss and deny Coker's petition for writ of mandamus. With regard to the motion to dismiss, the magistrate stated that in the absence of a colorable constitutional challenge to the Secretary's action, the district court lacked jurisdiction to review the Secretary's decision that disposition of Coker's first application was res judicata and therefore precluded the reopening of Coker's case. Upon review of the record, the magistrate determined that Coker had not raised a colorable constitutional challenge and accordingly concluded that the district court lacked jurisdiction. As to Coker's petition for writ of mandamus, the magistrate determined it was no longer necessary since the Appeals Council's review of Coker's new evidence 'afforded Coker the relief sought by her petition.'
 
 
 13
 On December 20, 1984, Coker filed timely objections to the magistrate's recommendation, arguing essentially that the Secretary had violated Coker's right to due process of law by failing to analyze the April 27, 1977 x-rays in light of Listed Impairment 1.05A of Appendix I, Subpart P, 20 C.F.R. 404.
 
 
 14
 On December 28, 1984, the district court entered its orders accepting the magistrate's report and granting judgment in favor of the Secretary. The timely appeal followed.
 
 II.
 
 15
 Pursuant to 20 C.F.R. Sec. 404.957(c)(1),[2] the Secretary may apply the doctrine of res judicata to dismiss an application for benefits when a previous determination has been made concerning the same facts and issues. Wilson v. Califano, 580 F.2d 208, 210-11 (6th Cir. 1978) (stating that the Secretary was empowered to deny consideration of a claim for benefits based on res judicata by the predecessor regulation to $404.957(c)(1)). However, 20 C.F.R. Sec.404.987 provides that a prior determination or decision may be reopened under certain circumstances. Those circumstances are set forth in 20 C.F.R. Sec. 404.988. Under Sec.404.988(b), a determination may be reopened '[w]ithin four years of the date of the notice of the initial determination if [the Secretary finds] good cause, as defined in Sec.404.989, to reopen the case.' Section 404.989 states that the Secretary will find good cause if:
 
 
 16
 (1) New and material evidence is furnished;
 
 
 17
 (2) A clerical error in the computation or recomputation of benefits was made; or
 
 
 18
 (3) The evidence that was considered in making the determination or decision clearly shows on its face that an error was made.
 
 
 19
 Notwithstanding the four-year period set forth in Sec.404.988(b), Sec.404.988(c) permits reopening at any time under nine specific circumstances. Pertinent to this case is Sec.404.988(c)(8) which allows reopening if the prior determination 'is wholly or partially unfavorable to a party, but only to correct clerical error or an error that appears on the face of the evidence that was considered when the determination or decision was made.'
 
 
 20
 Our review of the Secretary's decision whether or not to reopen a case is very limited. We have held that the federal courts lack subject matter jurisdiction to review a refusal to reopen an application, absent a colorable constitutional challenge to the refusal. See Gosnell v. Secretary of HHS, 703 F.2d 216, 218-19 (6th Cir. 1983). This principle is derived from Califano v. Sanders, 430 U.S. 99 (1977). In Califano, the Supreme Court addressed the appealability of a decision by the Secretary not to reopen a previously adjudicated claim for social security benefits. The Court held that Sec.205(g) of the Social Security Act, 42 U.S.C. Sec.405(g), which allows a claimant to obtain reveiw of 'any final decision of the Secretary . . . commenced within sixty days,' does not authorize judicial review of a decision not to reopen a benefits claim. Id. at 108. As the Court stated, 'an interpretation that would allow a claimant judicial review simply by filing--and being denied--a petition to reopen his claim would frustrate the congressional purpose, plainly evidenced in Sec.205(g), to impose a 60-day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits.' Id. The Court noted an exception existed, however, in 'those rare circumstances where the Secretary's denial of a petition to reopen is challenged on constitutional grounds.' Id. at 109. When constitutional questions are in issue, the Court observed, 'access to the courts is essential' and 'the availability of judicial review is presumed.' Id.
 
 
 21
 Bearing in mind the above principles, we conclude that the district court properly dismissed Coker's action. Coker's current application for benefits, based on a disability occurring on or before September 30, 1978, clearly raises the same issues and facts raised in her initial application for benefits. The Secretary denied that initial application and the district court affirmed the denial. That judgment stands as the final judgment regarding the claims raised in Coker's initial application. Accordingly, the doctrine of res judicata applies to bar Coker's current application and the Secretary correctly dismissed the application pursuant to 20 C.F.R. Sec.404.957.
 
 
 22
 Coker argues, however, that the concerns raised in her current application warrant reopening of her initial application and that the Secretary's refusal to reopen was in error. As we noted above, we generally lack jurisdiction to review a refusal by the Secretary to reopen a previously determined claim. Coker, however, seeks to invoke the exception to this rule by alleging, as she did before the district court, constitutional violations. Coker contends that the Secretary violated her due process rights in two ways. She alleges that the ALJ's failure to conclude that the April 27, 1977 x-rays submitted at the original hearing met the criteria of Listed Impairment 1.05A Appendix I, Subpart A, 20 C.F.R. Sec.404, constitutes a prima facie legal error and a due process violation. She also contends that the Secretary failed to consider the new evidence which she sought to submit with her current application.
 
 
 23
 A review of the initial ALJ decision reveals that the ALJ specifically considered the April 27, 1977 x-rays as well as all other pertinent medical evidence in the record. The ALJ also specifically considered the Listed Impairments in light of the medical evidence in determining that Coker was not entitled to benefits. Therefore, any claim by Coker that the ALJ failed to consider the relevant evidence and regulations at the appropriate time must fail in light of the record. Coker had a full opportunity to appeal the ALJ's allegedly erroneous conclusions in the original disposition of this matter, but simply failed to do so. This does not rise to the level of a constitutional violation.
 
 
 24
 We are likewise unpersuaded by Coker's allegation that the Secretary violated Coker's due process rights by failing to consider the new evidence submitted with the current application. While Coker's action was pending before the district court, the Appeals Council reviewed this evidence. In its letter of July 18, 1984, the Appeals Council clearly explained why the proffered x-rays and affidavits did not warrant a change in the Secretary's previous decision not to reopen Coker's initial application. This consideration by the Appeals Council sufficiently corrected any potential due process violation.[3]
 
 
 25
 Having rejected both arguments, we conclude that Coker has failed to raise any colorable constitutional claim that would confer jurisdiction upon this court to review the Secretary's refusal to reopen Coker's initial application. Accordingly, we AFFIRM the judgment of the district court.
 
 
 
 [1]
 Coker did not raise this issue in her previous action for review of the Secretary's denial of her initial application for benefits
 
 
 [2]
 20 C.F.R. Sec. 404.957 provides in pertinent part:
 Dismissal of a request for a hearing.
 An administrative law judge may dismiss a reguest for a hearing under any of the following conditions:
 * * *
 (c) The administrative law judge decides that there is cause to dismiss a hearing request entirely or to refuse to consider any one or more of the issues because
 (1) The doctrine of res judicata applies in that we have made a previous determination or decision under this subpart about your rights on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administrative or judicial action.
 
 
 [3]
 The review of the evidence by the Appeals Council also makes unnecessary Coker's petition for a writ of mandamus compelling the Secretary to consider her new evidence and argument. Coker attempts to bolster her argument by relying on Ellis v. Blum, 643 F.2d 68, 78 (2d Cir. 1981). However, Coker's reliance is misplaced since she is effectively attempting to compel the Secretary to find that she is disabled under the Listed Impairments. The Secretary may be compelled by a writ of mandamus to follow appropriate administrative procedures, but the Secretary cannot be forced by a writ to grant benefits denied through a corrected administrative procedure. Accordingly, we also affirm that portion of the judgment of the district court which denied Coker's petition for writ of mandamus