848 F.2d 189
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Emmanuel CHRISTOFIS, and George Christofis, Plaintiffs-Appellants,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 87-1382.
 United States Court of Appeals, Sixth Circuit.
 May 31, 1988.
 
 Before ENGEL, Chief Judge, DAVID A. NELSON, Circuit Judge, and DAVID S. PORTER,* Senior District Judge.
 PER CURIAM.
 
 
 1
 Plaintiffs, Emmanuel Christofis and George Christofis, appeal a judgment on the pleadings granted by the United States District Court for the Eastern District of Michigan in favor of the Secretary's findings that plaintiffs' claims for benefits are barred by the statute of limitations or laches and/or equitable estoppel.
 
 
 2
 On April 6, 1982 plaintiffs' counsel wrote a letter to a deputy director of the Social Security Administration seeking to have plaintiffs' father's Social Security file reopened to review whether plaintiffs had been underpaid through wrongful withholding of benefits through wage deductions. On August 28, 1984, the Secretary denied the request to reopen the file. Plaintiffs brought this action on October 26, 1984, seeking review of the Secretary's refusal to reopen the Social Security claim of their deceased father and the Secretary's refusal to recalculate work deductions imposed upon their father between 1961 and 1968.
 
 
 3
 Plaintiffs' father, Michael Christofis, was born in Turkey and later moved to the United States in 1914. He worked in the United States for several years and obtained American citizenship. In 1954, Christofis moved to the Village of Afandou, Isle of Rhodes, Greece. On December 27, 1955, he filed a claim for monthly retirement benefits on behalf of himself and his family. Michael Christofis claimed that he had been born on May 8, 1890. Benefits were awarded in May of 1955 and the family received a total of $20,949.10 in benefits through June of 1963. In 1963 the Secretary reviewed Michael Christofis' record and determined that Mr. Christofis was six years younger than he had previously stated, that he had actually been born on May 8, 1896, and that he was not eligible for the benefits he began receiving in 1955. In a reconsideration decision dated April 23, 1965, the Secretary determined that in light of Michael Christofis' date of birth, he was not eligible for retirement benefits until 1961. There is no evidence that Mr. Christofis ever appealed this decision.
 
 
 4
 During the investigation to determine Mr. Christofis' age, the Secretary, by 1964, had also determined that Mr. Christofis was under 72 years of age and had worked as a self-employed farmer on seven or more days a month outside the United States, a status which under the regulations then in effect disqualified him for benefits. On December 16, 1966, Christofis wrote a letter to the Secretary's agent requesting that his case be reexamined in light of new evidence regarding his income. On January 16, 1967, the Secretary notified Christofis that there was no change in his status. A November 27, 1967 letter from the Secretary's agent informed Mr. Christofis that he would be eligible to receive retirement benefits in May of 1968, when he reached the age of 72 and was no longer disqualified under the regulation. Michael Christofis died on September 24, 1979.
 
 
 5
 In their complaint, plaintiffs allege that from May 1961 through May 1968 they were entitled to children's benefits because the Secretary had denied them benefits by an arbitrary, unfair and unofficial decision to impose deductions based on their father's alleged engagement in disqualifying work. Further, they alleged that the Secretary's decision not to reopen the file or permit review of the alleged underpayment to the plaintiffs was, "arbitrary, capricious, manifestly unfair, and constitutes a violation of plaintiffs' rights to substantive and procedural due process and equal protection of the law under the Fifth and Fourteenth Amendments of the United States Constitution." The district court granted defendant's motion to dismiss for lack of jurisdiction on the claim concerning the Secretary's decision not to review the propriety of the 1963 reopening of Mike Christofis' case. Plaintiffs have not appealed this decision.
 
 
 6
 Both parties filed motions for judgment on the pleadings with respect to the remaining work deduction issue. On January 29, 1987 the magistrate recommended that the Secretary's motion be granted and that plaintiffs' motion be denied. The magistrate determined that by at least January 1967 that Michael Christofis would have had notice of any constitutional defect and that at the time this action was commenced, that any claim he may have had would be barred by the statute of limitations, the concept of laches and/or equitable estoppel. Further, with regard to plaintiffs, the magistrate noted that the suit was commenced at least 25 years after the youngest plaintiff had been born, and more than 17 years after the alleged constitutional violation. Therefore, even if the plaintiffs' claims were tolled during their minority, their claims would still be barred by the statute of limitations or laches and/or equitable estoppel. Finally, the magistrate determined that there were no allegations of the Secretary's personal involvement that would support a Bivens type action. The district court accepted the magistrate's report and recommendations and entered judgment on the pleadings on March 26, 1987. On appeal, plaintiffs argue that their claim on the work deduction issue is not barred by the statute of limitations or by the doctrines of laches and/or equitable estoppel.
 
 
 7
 It is clearly established law that refusals to reopen social security claims are not judicially reviewable, Califano v. Sanders, 430 U.S. 99, 108 (1977); Gosnell v. Califano, 625 F.2d 744 (6th Cir.1980); Bagby v. Harris, 650 F.2d 836, 838 (6th Cir.1981).
 
 
 8
 Upon consideration, we agree with the conclusion of the United States Magistrate and of the District Judge that if any constitutional violation occurred at all, it had to have occurred not later than September 24, 1964 when Michael Christofis was notified by the Secretary that his work outside the United States disqualified him and his children from entitlement to social security benefits and obligated him to refund an overpayment calculated at $20,949.10. Further, with respect to the determination that Michael Christofis' date of birth occurred six years later than represented by him in his application for benefits, it is evident that Mr. Christofis had notice of this determination not later than January 16, 1967. We agree therefore with the magistrate and district judge that any constitutional claims on behalf of Michael Christofis were fully barred by the relevant statute of limitations or by Laches and, further, that a suit continuing such claims commenced by his children on October 26, 1984, at a time when even the youngest was then 25 years of age was in all events not timely. Contrary to the assertion of appellants, we find nothing in Bowen v. City of New York, 106 S.Ct. 2022 (1986), justifying the untimely challenge made here. No covert policy of the Secretary which might, as in Bowen, have justified an equitable tolling, is evident in this record.
 
 
 9
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable David S. Porter, Senior Judge, United States District Court for the Southern District of Ohio, sitting by designation