**Arthur L. LOVE, Plaintiff,**

v.

**Donna E. SHALALA, Secretary of Health and Human Services, Defendant.**

**No. 92–1194–CIV–T–17(A).**

United States District Court,
M.D. Florida,
Tampa Division.

July 13, 1993.

Arthur L. Love, pro se.

Michael A. Cauley, U.S. Attorney's Office, M.D. Florida, Tampa, FL, for defendant.

## ORDER

KOVACHEVICH, District Judge.

This cause comes before the Court for consideration upon the filing of a civil action by Plaintiff, Arthur L. Love, for judicial review of the denial by the Secretary of Health and Human Services of his request to reopen the denials of his prior claims for Social Security disability insurance benefits under Title II of the Social Security Act.

This Court, under authority of 28 U.S.C. § 636, Rule 72(b) of the Fed.R.Civ.P., and Local Rule 6.02, referred this matter to United States Magistrate Judge Charles R. Wilson. Magistrate Judge Wilson has filed his report (Docket No. 21) recommending that the motion to dismiss be granted since there has been no "final decision" of the Secretary, as required by Section 205(g) of the Act, 42 U.S.C. Section 405(g), for judicial review. Consequently, the Court is without jurisdiction over the subject matter of this action.

Plaintiff, Arthur L. Love, made timely objections to the report and recommendation (Docket No. 22) and Defendant, Donna E. Shalala, responded to Plaintiff's objections (Docket No. 23).

## STANDARD OF REVIEW

Under the Federal Magistrates Act, Congress vested Article III judges with the power to authorize a magistrate judge to conduct evidentiary hearings. The relevant portion of the Act is found at 28 U.S.C. § 636. A district court judge may designate a magistrate judge to conduct hearings, including evidentiary hearings, in order to submit proposed findings of fact and recommendations for the disposition of motions. Within ten days after being served with a copy of the report and recommendation, any party may file written objections to the proposed findings and recommendations. *See* 28 U.S.C. § 636. A judge of the district court shall then make a *de novo* determination of those portions of the report and recommendation to which an objection is made. *Id.*

The Supreme Court upheld the constitutionality of the *de novo* review portion of the Magistrates Act in *United States v. Raddatz,* 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980). In fact, the *de novo* review standard is essential to the constitutionality of this act according to the court in *Jeffrey S. v. State Board of Education of the State of Georgia,* 896 F.2d 507 (11th Cir.1990). Accordingly, this Court reviews reports and recommendations by a Magistrate Judge utilizing the *de novo* standard of review for those portions of the report to which a party has objected.

## BACKGROUND

The procedural background of the case has been set out fully in Magistrate Judge Wilson's Report and Recommendation (Docket No. 21). Plaintiff initially filed an application for Social Security disability benefits in 1978. The application was denied in 1979. Later in 1989 Plaintiff filed a second application in which Plaintiff alleged a disability onset date of August 1978. This claim was also denied, then reconsidered and denied again. Plaintiff requested a hearing and an Administrative Law Judge ("ALJ") determined that Plaintiff was not disabled during that time frame.

The ALJ also determined that the second application of 1989 was not filed within one year of the end of the disability and that Plaintiff was therefore not entitled to that period of disability, per 20 C.F.R. §§ 404.322 and 404.621. The Appeals Council denied a request for review in 1990. Plaintiff was notified of his right to appeal within sixty days, per §§ 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), but no civil action was filed.

Plaintiff then filed a third application for disability in 1990 and requested a hearing. On October 25, 1991, the Secretary rendered a decision finding that Plaintiff's 1978 application could not be re-opened. In June of 1992 the Appeals Council reviewed and dismissed Plaintiff's request for a hearing finding that the 1990 decision was the Secretary's final decision. A week later Plaintiff requested a reconsideration of this order. In July of 1992, the Secretary advised Plaintiff that his request was void.

Subsequently, Plaintiff filed this civil action on August 20, 1992. Finally on March 11, 1993, Magistrate Judge Wilson issued the Report and Recommendation (Docket No. 21) in this case. Plaintiff made timely objections to the report and recommendation (Docket No. 22) and Defendant responded to Plaintiff's objections (Docket No. 23).

## DISCUSSION

■ This Court now considers Plaintiff's objections to the report and recommendation under the *de novo* standard of review. Plaintiff's first objection is that Magistrate Judge Wilson's report and recommendation is internally inconsistent. However as the Defendant correctly notes in her response, Plaintiff is in error with regard to the reading of the statements by the magistrate judge. Magistrate Judge Wilson correctly stated that the court was without jurisdiction because there has been no "final decision of the Secretary *made after a hearing*" (emphasis added). *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). It is true that a final decision was made by the Secretary in 1990, but that decision is not the basis for this appeal; rather this civil action was filed in response to the Secretary's decision that Plaintiff's third application for disability was void. This decision by the Secretary was not *made after a hearing* and consequently this Court has no jurisdiction.

Plaintiff's second objection is without merit as it is not a challenge to the decision of the magistrate judge's report and recommendation. It merely asserts that the magistrate has made an error in reference which is inaccurate and irrelevant.

■ Plaintiff's third objection would be meritorious if it were an accurate reading of the magistrate judge's report. However Plaintiff again misses the point, when the magistrate judge stated, "In this case the Secretary reviewed the evidence, including that presented in support of the original application, and concluded that there was insufficient new material evidence to justify a reopening under the regulations." The magistrate judge was referring to the Secretary's responsibility to examine the evidence to determine whether or not there is a basis for reopening a prior application.

However, this review of the evidence to determine whether a case should be reopened is not a reexamination based on the merits of the claim. *McGowan v. Harris*, 666 F.2d 60 (4th Cir.1981) (Court held that *res judicata* was not applicable where a plaintiff's claim had not been reconsidered on the merits.) In the instant case, Plaintiff Love's application was not reopened, a review was conducted to determine whether a reopening was appropriate. The Secretary, without a hearing, determined that a reopening was not warranted in this case.

■ Plaintiff's fourth objection is an inaccurate statement of the law. The magistrate judge cited the relevant portion of 42 U.S.C. § 405(g), "[a]ny individual, after any final decision of the Secretary made after a hearing to which he was a party . . . may obtain a review of such decision by civil action commenced within sixty days." Clearly, a final decision by the Secretary is required before a civil action under this title is ripe.

Plaintiff's fifth, and final, objection concerns the reopening issue again. The Court reiterates its statements made concerning the first objection and incorporates them here by reference.

## CONCLUSION

The Magistrate Judge's report and recommendation is supported by the record and the law. Therefore, it is:

**ORDERED** that the report and recommendation, dated March 11, 1993, be

**ADOPTED** and that Defendant's motion for dismissal be **GRANTED.**

**DONE AND ORDERED.**

REPORT AND RECOMMENDATION

CHARLES R. WILSON, United States Magistrate Judge.

THIS CAUSE comes on for consideration upon the filing of a petition for review of an administrative decision by the Secretary of Health and Human Services denying plaintiff's request to re-open prior denials of his claims for Social Security disability insurance benefits.[1] The Secretary moves to dismiss this action because the Court is without jurisdiction to review a denial of a request for re-opening. Having considered the arguments and authority, I find that this Court lacks subject matter jurisdiction, and I recommend that the motion to dismiss be granted.

PROCEDURAL BACKGROUND

Plaintiff filed an application for disability insurance benefits in August of 1978. His application was denied initially on October 3, 1979. On January 27, 1989, he filed a second application alleging a disability onset date of August 1, 1978. This claim was also denied initially and upon reconsideration. After a request for a hearing, an administrative law judge ("ALJ") rendered a decision determining that plaintiff was not disabled during the time period that he submitted an application for. The ALJ further found that plaintiff's application filed on January 27, 1989 was not filed within one year of the end of any period of disability and that he was therefore not entitled to a period of disability in accordance with 20 CFR Sections 404.322 and 404.621(d). A request for a review of this decision by the Appeals Council was denied on October 9, 1990. Although plaintiff and his attorney were advised of his right to file a civil action within sixty days from the date of receipt of the notice pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. Section 405(g) and Section 1383(c)(3), no civil action was filed.

Plaintiff then filed another application for disability benefits on November 16, 1990 and requested a hearing. On October 25, 1991, the Secretary rendered a decision finding that plaintiff's prior application of August 19, 1978 could not be re-opened. Plaintiff requested a review of this decision and the Appeals Council granted his request for review on April 29, 1992. On June 17, 1992, the Appeals Council issued an order dismissing the plaintiff's request for hearing and finding that the hearing decision dated March 20, 1990 was the final decision of the Secretary. Plaintiff requested reconsideration of this order on June 24, 1992. On July 7, 1992, the Secretary advised plaintiff that his request was void and that no action would be taken on it. He then commenced this civil action on August 20, 1992.

DISCUSSION

Defendant moves to dismiss for the reason that there has been no "final decision" of the Secretary as required by Section 205(g) of the Social Security Act, 42 U.S.C. Section 405(g).

42 U.S.C. Section 405(g) provides in pertinent part:

> "[a]ny individual, after any final decision of the Secretary made after a hearing to which he was a party ... may obtain a review of such decision by a civil action commenced within sixty days."

There is no federal question jurisdiction for Social Security disability claims and the Social Security Act is the exclusive method of judicial review. *Heckler v. Ringer,* 466 U.S. 602, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984). In the present case, the ALJ issued a decision on March 20, 1990 on plaintiff's disability and re-opening request. This became the final decision of the Secretary when the Appeals Council denied review on October 9, 1990. No judicial review was sought after that decision. Plaintiff's subsequent request to re-open his prior denials was denied. The Secretary's denial of a re-opening request is not a "final decision of the Secretary made

---

**1.** This matter comes before the undersigned pursuant to the standing order of this Court dated April 6, 1979. *See also* Local Rule 6.01(c)(21).

724

after a hearing" within the meaning of the Social Security Act. *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). In this case, the Secretary reviewed the evidence, including that presented in support of the original application, and concluded that there was insufficient new and material evidence to justify a re-opening under the regulations. *See* 20 CFR Sections 404.-988, 404.989 (conditions for re-opening). Accordingly, the ALJ concluded that plaintiff's second application for benefits would be denied and that the hearing decision dated March 20, 1990 was the final decision of the Secretary.

A decision not to re-open a previous application is not subject to judicial review "unless that refusal is challenged on constitutional grounds." *Cherry v. Heckler,* 760 F.2d 1186 (11th Cir.1985) (quoting *Howard v. Califano,* 590 F.2d 137, 138 (5th Cir.1979) *(per curiam)).* No constitutional grounds are relied upon by Love in the present case to support his claim for re-opening, nor is there a constitutional claim apparent from the pleadings.

### CONCLUSION

There has been no "final decision of the Secretary made after a hearing" sufficient to confer subject matter jurisdiction on this Court pursuant to Section 205(g) of the Social Security Act. Accordingly, I recommend that the defendant's motion to dismiss be GRANTED.

Respectfully submitted on this 11th day of March, 1993.

NOTE: This matter was referred to the United States Magistrate Judge pursuant to the Standing Order of this Court and Local Rule 6.01(c)(17). Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. Section 636(b)(1). Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir.1982).